74  515
85  405
74  515.
d107 721

BUTTERFIELD *et al.* v. WILTON ACADEMY *et al.*

1.   **Judicial Sale** : PROPERTY HELD IN TRUST FOR CORPORATION : TRUSTEES NOT PARTIES.   Land was deeded in trust to the trustees of a corporation, and the deed imposed upon them duties in regard to the land different from their duties as trustees of the corporation. The land was sold upon the foreclosure of a mechanic's lien against the corporation, the trustees not being made parties to the action. *Held* that the sale was void, as to them as trustees under the deed, and neither divested them of the title nor terminated the trust.

2.   **Trusts** : DEED OF LAND : CONDITION BROKEN : REVERSION.   Land was conveyed to trustees for certain purposes and upon certain con-ditions, upon the failure of which it was to be sold, and a part of the proceeds, or, in a certain contingency, all of them, were to go to the heirs.   *Held* that, upon a failure of the purposes and condi-tions, the sale and distribution of the proceeds were to be made by the trustees, and that the heirs were not entitled to recover the pos-session of the property.

*Appeal from Muscatine District Court.*—HON. WALTER I. HAYES, Judge.

FILED, MAY 23, 1888.

PLAINTIFF Laura F. Butterfield is the widow, and the other parties plaintiff are the children and heirs at law, of Franklin Butterfield, deceased. The said Franklin Butterfield, in his lifetime, conveyed the real estate in controversy to the trustees of the Wilton Collegiate Institute. After his death one W. F. Hayford recovered a judgment against said institute establishing and foreclosing a mechanic's lien on the property for work done and materials furnished in making certain repairs of the building situated thereon. The property was sold under special execution issued on said judgment, and the certificate of sale was assigned to defendant Levi Herr, to whom the sheriff executed a deed. He subsequently conveyed to the Wilton Academy. The Wilton Collegiate Institute was an educational institution, founded and maintained by the "Free-Will Baptists," but before the sale that denomination had ceased to maintain a school in the property. The Wilton Academy is also an educational institution, but was founded and is maintained by another religious denomination, although its prescribed course of study is substantially the same as that formally prescribed by the collegiate institute. Plaintiffs brought this action for the recovery of the property on the alleged ground that the sale of the property under judicial process, and the failure of the "Free-Will Baptists" to maintain a school in it, were in violation of the conditions contained in the deed of their ancestor, and consequently it had reverted to them. The district court entered judgment for defendants, and plaintiffs appeal.

*Richman & Burk*, for appellants.

*J. Carskaddan*, for appellees.

Butterfield v. Wilton Academy.

REED, J.—The following is a copy of the material portions of the deed from Franklin Butterfield:

**1. JUDICIAL sale : property held in trust for corporation : trustees not parties.** "This deed of bargain and sale made and executed this twenty-first day of August, A. D. 1876, by and between F. Butterfield and Laura F. Butterfield, of the county of Cedar, state of Iowa, of the first part, and the trustees of Wilton Collegiate Institute of the second part, witnesseth—that the said party of the first part, for a consideration of one ($1.00) dollar, in hand paid by the party of the second part, the receipt whereof is hereby acknowledged, have granted and sold, and do by these presents grant, bargain, sell, convey and confirm, unto the said second party, their successors and assigns, forever, the following real estate, lying and being situate in the county of Muscatine and state of Iowa, to-wit: Block No. eight (8), in North Wilton, known as the 'Seminary Property.' This conveyance is made and accepted upon the understanding and with the express condition that said property shall never be subject to nor sold for any indebtedness of the institution that has been contracted or may hereafter be contracted. And it is further provided that if the Free-Will Baptists shall fail to keep a good school, in accordance with the charter of the institution, in the building on said premises, or in the buildings to be erected on said premises, for the term of five years from this date, then the said premises shall be sold, and fifteen hundred dollars of the proceeds shall be given to the Free-Will Baptist Church of Wilton; provided, that they erect a church within three years from the date of the sale of said property. If not, to revert to my heirs. Said Baptist Church to have the use of the chapel for church purposes when not interfering with the school; provided they keep the same, and the fence around the grounds, in repair. The remainder to revert to my heirs. To have and to hold the premises above described, with all the appurtenances thereto belonging, unto the said second party, their successors and assigns, forever. * * *"

Counsel for the respective parties have argued the questions as to the validity of the conditions contained in the deed. The position of counsel for the appellees is that the deed is an absolute grant of the property to which the subsequent conditions are repugnant, and hence they are void under the rule laid down in *Case v. Dwire*, 60 Iowa, 442 ; while on the other hand it is contended by counsel for appellants that, when all of the provisions of the instrument are considered, it is a conveyance to trustees for a specific purpose, and, that being its character, it was competent for the grantor to attach to the trust whatever conditions he might choose. We have not found it necessary, however, to go into the question as to their validity ; for, conceding that the character and effect of the instrument are as claimed by appellants, it by no means follows that they are now entitled to the possession of the property, which is the relief demanded. If that is the character and effect of the conveyance, which, for the purposes of the case, is conceded, it imposes powers and duties upon the trustees entirely distinct from those arising out of their relation to the association or corporation of which they were officers. This latter class of duties were created and defined by the articles of incorporation and by-laws of the body corporate, and related to the control and management of the enterprise which was the object of its organization ; while the former was created by the deed, and related to the property conveyed by it. Under it they were vested with the title in the property, and charged with the duty of applying it to the objects designated by the grantor, and their office in that regard would continue until the trust should be performed, even though the corporation should in the meantime have ceased to exist. Now, the trustees were not made parties to the action for the foreclosure of the mechanic's lien. As officers of the corporation, they are bound, perhaps, by the judgment against it, and would be precluded from asserting any claim in its behalf. But as trustees of the trust created by the deed they could not be bound by a judgment to which they were not parties.

The sale of the property, then, is nugatory. It neither divested them of the title to the property, nor terminated the trust; and it is apparent that such a proceeding could not have the effect to cause a reversion to plaintiffs. It is equally clear that they are not entitled to the possession of the property because of the violation of the other condition in the deed, for by the express provision of that condition it is part, or, in a designated contingency, all of the proceeds of the property which is to revert to them. The property is directed to be sold and a portion of the proceeds to be given the Free-Will Baptist Church of Wilton, provided they build a church within three years from the date of the sale, and the residue, or, in case the church shall not be built within the designated time, the whole, shall go to plaintiffs. These are the conditions of the trust, and clearly they are to be executed by the trustees. Plaintiffs, then, are not entitled to the property. We have thus disposed of the case on plaintiffs' theory as to the character and effect of the deed. We will not, however, be understood as committing ourselves to that theory.

2. TRUSTS: deed of land: condition broken: reversion.

The judgment of the district court will be

AFFIRMED.