LAURA F. BUTTERFIELD, *et al.*, Appellants, v. WILTON COLLEGIATE INSTITUTE, *et al.*, Appellees.

Practice in Supreme Court: EQUITY CAUSE: PLEA IN BAR: TRIAL. DE NOVO. In an action in equity to declare a trust, and enforce the same, the defendants answered denying the allegations of the petition, and pleading a former adjudication in bar of the action. Upon a trial under the issues thus joined the defendants put in evidence the pleadings in the former case, and the judgment of the district court thereon, and the plaintiffs introduced the opinion of the supreme court upon appeal from said judgment. Without other evidence the case was submitted to the district court, which found in favor of the defendants upon the plea in bar, and rendered a decree dismissing the plaintiffs' petition. *Held*, upon appeal, that in the absence of any agreement between the parties, the plaintiffs were not entitled to have first determined the plea of former adjudication before a trial upon the other issues involved in the case, and the cause being triable *de novo* in the supreme court, the issue of former adjudication would not be considered, as in any event the judgment must be affirmed because of the absence of any evidence to support the allegations of the petition.

*Appeal from Muscatine District Court.*—HON. C. M. WATERMAN, Judge.

SATURDAY, MAY 21, 1892.

Action to declare a trust and enforce the same. There was a judgment for the defendants, and the plaintiffs appeal.—*Affirmed.*

*Richman & Burk* and *E. F. Richman*, for appellants.

*J. Carskaddon*, for appellees.

Granger, J.—Laura F. Butterfield, the plaintiff, is the widow of F. Butterfield, deceased, and with her are joined as parties plaintiff the heirs-at-law of said Butterfield. In 1889, F. Butterfield and his wife executed to the trustees of Wilton Collegiate Institute an instrument of conveyance whereby "block No. eight (8) in North Wilton and known as the 'Seminary Property,'" was conveyed to said trustees for specified purposes and upon certain conditions, which, if broken, the property was to be sold, and a portion of the proceeds was to be paid to the Free Will Baptist Church of Wilton, and the remainder to the heirs-at-law of said Butterfield. In 1881 these plaintiffs instituted a suit at law against Wilton Academy, and one Levy Herr for the possession of said property on the ground of conditions in said deed broken. The defendants in that suit answered, and the issues were such that the district court adjudged the conditions in the instrument of conveyance repugnant to the grant contained therein, and gave judgment for the defendants, declining to consider other issues presented. The case was appealed to this court, and the judgment of the lower court affirmed. See *Butterfield v, Wilton Academy*, 74 Iowa, 515. By reference to the opinion in that case it will be seen that the affirmance by this court was placed on another ground than that of the invalidity of the conditions in the deed.

This proceeding in equity was commenced in August, 1888, and the defendants herein are the Wil-

ton Collegiate Institute, the trustees of the Wilton Collegiate Institute, the Wilton Academy, and the trustees of the Wilton Academy. The petition recites the deed, with its conditions; that the conditions have been broken by a judicial sale of the premises, substantially as in the former case, and closes with a prayer as follows: "Wherefore the plaintiffs pray that the said trustees and the said 'Wilton Collegiate Institute,' and the said Wilton Academy and the trustees thereof, be required to answer the matters set forth in this petition fully, and that upon a final hearing the said property be ordered to be sold in accordance with the terms and conditions of the deed executed to said board of trustees of the Wilton Collegiate Institute, and the proceeds of such sale be held for the benefit of and paid over to the heirs of said Franklin Butterfield, deceased, and the Free Will Baptist Church of Wilton, if the said church shall entitle itself thereto, in such proportion, and at such times as shall be proper and agreeable to equity and the terms and conditions of the deed hereinabove set forth; and for such other and further and different relief as the case made may require." The defendant Wilton Academy answered by a plea in bar, reciting the issues and judgment in the former action, and denying the allegations of the the petition as to conditions broken. At the trial of the issues the defendant, in support of its affirmative defense, put in evidence the pleadings in the former case and the judgment of the district court thereon, and the plaintiffs placed in evidence the opinion of this court on the appeal, and without other evidence the cause was submitted to the district court, and the following is the judgment entry:

"This cause coming on for hearing this fifteenth day of May, 1890, upon issue joined between the plaintiffs and the defendant, the Wilton Academy, upon the plea of former adjudication filed by said defendant,

the plaintiffs appeared by their attorneys, * * * and the said issue being submitted to the court upon the respective allegations of the parties, and the proofs and exhibits by them produced in evidence, and the argument of counsel thereon, and the court being fully advised in the premises, it is found, adjudged, and determined that the plaintiffs are estopped and barred from having and maintaining this suit and proceeding by reason of the aforesaid former adjudication, and that their alleged rights and interests in the premises in controversy, as against the said Wilton Academy, were fully and finally adjudicated against the said plaintiffs in the former proceeding by said defendant pleaded. And it is therefore ordered and decreed that the petition of the plaintiffs as to the defendant, the Wilton Academy, be dismissed, and that said defendant recover of the plaintiffs its costs taxed at $——.''

It is said by the appellees that if this case is tried *de novo* on this appeal the judgment must be affirmed, for the reason that there is no evidence to sustain the averments of the petition that the conditions in the deed have been broken. That the case is to be tried here *de novo* is not to be seriously questioned. It is a case in which an issue of fact is joined. The evidence is in writing, and properly certified by the trial judge, and made a part of the record. Section 2742 of the Code provides that in such a case this court "shall try the cause anew." The only evidence in the case is in support of the affirmative defense,—the plea of a former adjudication. Whatever might be the determination upon the question of a former adjudication with the present record, the action of the district court in dismissing the petition should be affirmed, unless for some reason we should, if holding adversely to the district court on that question, remand the cause for further proceedings on the issue as to conditions

broken. If, upon such an adverse holding, we should not remand the cause, it would be unnecessary to consider the question of a former adjudication, for, whatever might be our conclusion on that branch of the case, we must affirm the judgment dismissing the petition for want of evidence to sustain it. If it appeared that this method of submission was by consent, or a result of an understanding to first settle a particular issue in the case, we might feel less inclined to disapprove of such a piecemeal manner of trying a cause; but the record is not authority for such understanding. In fact the appellees present this question, and the appellants in argument attempt to justify the course of procedure, and claim that it would be an absurdity for the lower court to try issues which it decided to have been "previously adjudicated." Such a conclusion, it appears to us, does not follow. Judgments of courts follow submissions; submissions follow the introduction of evidence and arguments. We cannot assume that the judgment of the court on the particular question was made manifest before the submission. The record in terms indicates the regular order of procedure. The failure to present the evidence could not then have been the result of the decision of the court on the question determined. However, if the court had previously indicated its conviction, unless the plaintiffs intended to abide by the decision of that court, they could not neglect to present the evidence, without which they could not succeed, for the cause is triable anew in this court, and the plaintiffs must present a record from which the facts could be known to warrant a final decree in their favor. Without such a record, in a trial *de novo*, the plaintiffs' cause of action must fail for want of proofs, if for no other reason. We are not prepared to hold, as we must to remand this cause, that a plaintiff may, as a matter of right, in an equity cause, on an issue of fact,

where there is an affirmative defense pleaded, try that issue, and, if successful, demand a further trial on other issues presented.  To so hold would be to multiply trials and appeals and prolong litigation beyond the patience, if not the endurance, of parties entitled to a more speedy determination of their rights in dispute.  We are not unmindful of the claim and fact that the cause, as shown by the record, was submitted upon the one issue of a former adjudication.  The record properly so stated, for it was the only issue for trial under the state of the evidence, and the plaintiffs manifestly from their argument tried the cause in that way on the theory of their right so to do, and that is the right we have considered and determined.  The case does not involve the question of a discretionary authority by the district court.  Its judgment is AFFIRMED.