## McCLEARY v. ELLIS ET AL.

1. **Deed:** VOID CONDITION: RESTRAINTS UPON ALIENATION. In a deed conveying a life estate in lands, with remainder in fee simple to the children of the grantee, or to others in case of his death without issue, a condition prohibiting the alienation by the grantee of his interest in the lands, or the sale of the same for his debts, is void.

2. **Pleading:** HOMESTEAD: JUDICIAL SALE. The allegations of a petition considered and held insufficient to authorize the setting aside of a sheriff's sale, on the ground that the property sold constituted the plaintiff's homestead.

| 54 | 311 |
| 87 | 615 |
| 54 | 311 |
| f113 | 57 |
| 54 | 311 |
| 131 | 441 |

*Appeal from Louisa Circuit Court.*

TUESDAY, SEPTEMBER 21.

THE plaintiff filed a petition as follows:

" 1.   That on the 5th day of March, 1879, one I. C. Freeland recovered a judgment against him in this court for the

sum of $353.15, and costs of suit, including $35 attorney's fees.  *   *   *   *.

" 2. . That upon said judgment the said Freeland procured an execution to be issued; that under said execution the defendant Ellis, as sheriff, has sold unto said defendant I. C. Freeland the petitioner's interest in the following described real estate, situated in said county, to-wit:      *      *  ·     *.

" 3.   Petitioner represents that the sale of said real estate by defendant Ellis, as aforesaid, has cast a cloud upon his title thereto, and works to him an irreparable injury.

" 4.   He further represents that all the right, title, and interest he has in and to said real estate is by virtue of a voluntary conveyance made by his father, Abraham McCleary, to petitioner, a copy of which is hereto attached and made a part thereof; that under said deed he has gone into the possession of said real estate, and has since the time of his taking possession thereof used and occupied the same as his homestead, together with his wife and family, he now being the father of children; that he owned no interest in said land subject to execution, and that said I. C. Freeland, defendant, had legal notice thereof, and that said sale by said sheriff conveyed no interest in or to said real estate; that unless restrained said defendant Ellis will, in due time, execute his sheriff's deed for said premises; .that petitioner is without remedy save in a court of equity.   He, therefore, prays that said defendant Ellis be enjoined from further proceeding under said execution, and from executing said deed for said premises, and that said sheriff's sale for said property may be set aside, and that he may have such other relief as to the court may seem meet."

Attached to the petition are copies of the judgment, execution, return and certificate of purchase.   The deed referred to in the petition, under which plaintiff claims the property in controversy, is as follows:

· " *Know all men by these presents*, That I, Abraham McCleary, of the county of Louisa, of the State of Iowa, do

give my son, John McCleary, all my interest in the following lands. * * * To have the above described lands his life-time, and to go to his children at his death, but if he dies without children, then the above described land to go to his brother George McCleary, and at his death is to go to his brother's children—that is, George McCleary's children, but if George dies without children, it is to go to his sister's children. It is expressly understood that he shall not part with it nor sell it, nor shall any person sell it for him or for debts whatsoever."

The deed described one hundred and ninety acres. The defendants demurred to this petition. Afterward the defendant filed an offer to release as follows:

" The defendant Freeland hereby offers to release from the operation of the sheriff's sale the homestead of plaintiffs, John McCleary and wife, as provided by law, and to the extent of the law exemption."

The court sustained the demurrer. The plaintiff declined to further plead, and judgment was rendered against him for costs. The plaintiff appeals.

*Hoffman, Pickler & Brown*, for appellant.

*Tatlock & Wilson*, for appellee. .

DAY, J.—I. From an examination of the deed of Abram McCleary it is evident that it conveys a fee simple estate. 1. DEED : void The conveyance is of a life estate to George Mc-condition: re-straints upon Cleary, remainder to his children, but if he should alienation. die without children, to his brother George and his children; and if George should die without children, re-mainder to his sister's children. The conveyance is of a life estate and a vested remainder in fee. 4 Kent's Com., 203. No reversionary interest is retained in the grantor. He has disposed of his entire estate in fee. The disposition of the estate is to the beneficiary direct, without the intervention of

trustees.    The question in this case is, can the grantor of the
fee impose restraints upon alienation?

Littleton, in section 360, states the doctrine upon this sub-
ject as follows:    "If a feoffment be made upon this condi-
tion, that the feoffee shall not alien the land to any, this con-
dition is void, because when a man is. infeoffed of lands or
tenements he hath power to alien them to any person by the
law.    For if such a condition should be good, then the con-
dition should oust him of all the power which the law gives
him, which should be against reason, and therefore such a
condition is void."    Commenting upon this, Lord Coke says:
"And the like law is of a devise in fee upon condition that
the devisee shall not alien, the condition is void, and so it is
of a grant, release, confirmation, or any other conveyance,
whereby a fee simple doth pass.    For it is absurd and repug-
nant to reason that he that hath no possibility to have the
land revert to him should restrain his feoffee in fee simple
of all his power to alien.    And so it is if a man be possessed
of a lease for years, or of a horse, or any other chattel, real
or personal, and give or sell his whole interest and property
therein, upon condition that the donee or vendee shall not
alien the same, the same is void, because his whole interest
and property is out of him, so as he hath no possibility of a
reverter, and it is against·trade and traffic, and bargaining and
contracting between man and man: and it is within the
reason of our author that it should ouster him of all power
given to him."    Coke on Litt., 223 *a.*

The case of *Mandelbaum v. McDonell,* 29 Mich., 78,
contains a very elaborate and exhaustive consideration of this
question.    In that case a devise for life was made to the
widow of the testator, remainder in fee to his sons and grand-
son, with a restriction upon alienation during the life of the
widow, if she remained unmarried, and until the grandson,
who was then four years old, should attain the age of twenty-
five.    The restriction upon the right of alienation was held
void.    In announcing the opinion of the court, Christiancy,

.J., employs this language: " If there is any English decision since the statute *quia emptores*, where the point was involved, in which it was held competent for a feoffor, grantor or devisor, of a vested estate in fee simple, whether in remainder or possession, by any condition or restriction in the instrument creating it, to suspend all power of the feoffee, grantee, or devisee, otherwise competent, to sell ·for a single day, I have not been able to find it: and the able counsel for the defendants, whose research nothing of this kind is likely to escape, seem to have been equally unsuccessful." And further: "We are entirely satisfied there has never been a time since the statute *quia emptores* when a restriction in a conveyance of a vested estate in fee simple, in possession or remainder, against selling for a particular period of time, was valid by the common law, and we think it would be unwise and injurious to admit into the law the principle contended for by the defendants' counsel, that such restrictions should be held valid, if imposed only for a reasonable time.

" It is safe to say that every estate, depending upon such a question, would, by the very fact of such a question existing, lose a large share of its market value. Who can say whether the time is reasonable, until the question has been settled in the court of last resort? And upon what standard of certainty can the court decide it? Or, depending, as it must, upon all the peculiar facts and circumstances of each particular case, is the question to be submitted to a jury? The only safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction, which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void."

For another case containing a most exhaustive consideration of this question, see *DePeyster v. Michael*, 6 N. Y., 467. In this case, after a very full review of the authorities, upon page 497 it is said: " Upon the highest legal authority, therefore, it may be affirmed that, in a fee simple grant of land, a condition that the grantee shall not alien, or that he

shall pay a sum of money to the grantor upon alienation, is void, upon the ground that it is repugnant to the estate granted."

In *Bradley v. Peixote*, 3 Ves. Jr., it is said: " I have looked into the cases that have been mentioned, and find it laid down as a rule long ago established that where there is a gift with a condition inconsistent with and repugnant to such gift, the condition is wholly void. A condition that a tenant in fee shall not alien is repugnant." See also *Brandon v. Robinson*, 18 Ves. Jr., 429; *McCullough v. Gillmore*, 11 Penn. St., 370.

In *Walker v. Vincent*, 18 Penn. St., 369, a testator devised to his daughter and to her legal heirs forever certain real estate, with the express condition that she should not alien or dispose of the same or join with her husband in any deed for the conveyance thereof during her natural life." The court held the condition void, and that a fee simple estate was devised, and say: " It makes no difference that the testator has expressly withheld one of the rights essential to a fee simple, for the law does not allow an estate to be granted to a man and his heirs with a restraint on alienation, and frustrates the most clear intention to impose such a restraint, just as it allows alienation of an estate entail, though a contrary intent is manifest. And it would be exceedingly improper in any court, in construing a devise to a man and his heirs, to endeavor to give effect to the restraint upon alienation by changing the character of the estate to a life estate, with a remainder annexed to it, or with an executory devise over." In *Hall v. Tufts*, 18 Pick., 455, a testator devised certain real estate " to his wife for her life, and the remainder of the estate, whether real or personal, in possession or reversion, to his five children, to be equally divided among them or their heirs respectively, always intending and meaning that none of his children shall dispose of their part of the real estate in reversion before it is legally assigned to them." It was held that the children took a vested remainder

in the real estate given to the wife for her life, and that the clause restraining them from aliening the same before the expiration of the life estate was void. The case of *Blackstone Bank v. Davis*, 21 Pick., 42, is exactly in point. In that case one Davis devised to his son the use of a farm of one hundred and twenty acres, with a provision that the land should not be subject or liable to conveyance or attachment. The plaintiffs recovered a judgment against the devisee, and levied an execution upon the premises as upon land held by the defendant in fee. The court say: " By the devise of the profits, use or occupation of the land, the land itself is devised. Whether the defendant took an estate in fee or for life only is a question not material in the present case. The sole question is whether the estate in his hands was liable to attachment, and to be taken in execution as his property. The plaintiffs claim title under the levy of an execution against the defendant, and their title is valid if the estate was liable to be so taken. That it was so liable, notwithstanding the proviso or condition in the will, the court cannot entertain a doubt."

The appellant cites and relies solely upon *Nichols v. Eaton*, 91 U. S., 716. In that case the testator devised her real estate to trustees upon trusts to pay the rents, profits and interest to her four children, with a proviso that if any of her sons should alienate or dispose of the income, or if by means of bankruptcy or insolvency, or any other means, said income could not be personally enjoyed by them respectively, but would become vested in, or payable to some other person, then the trust expressed in said will, concerning so much thereof as would so vest, should immediately cease and determine. The case differs from the present one in two essential and controlling particulars:

1. The estate was devised to trustees and never vested in the beneficiaries.

2. The enjoyment of the benefits of the devise was made to depend upon a condition.

We have no hesitancy in holding, in view of the authori-

ties above quoted, and others that might be referred to, that the conditions in this deed against alienage and liability for debts are void.

II. It is insisted, however, that whatever view may be taken of the foregoing question, still the demurrer should 2. PLEADING: have been overruled, because the petition alleges homestead: judicial sale: that a part of the land was the homestead of the plaintiff and his family, and the execution and return, notice of sale and sheriff's certificate, all show that no part of the land was set apart to plaintiff. as a homestead as by statute required, but the whole one hundred and thirty acres was sold in a lump, and bought by the defendant.

It is insisted that this renders the sale absolutely void under *Linscott v. Lamart*, 46 Iowa, 312, and *White v. Rowley*, 46 Iowa, 680.

The petition, we think, does not base the plaintiff's right to relief upon the ground that a portion of the premises was his homestead, and not set apart to him as prescribed in the statute. The petition does not allege that a portion of the land is plaintiff's homestead, but incidentally it is alleged that he has gone into possession of the whole real estate, and occupied the same, which embraced one hundred and thirty acres, as his homestead.

It is not alleged when he took possession, nor does it appear when the debt was contracted. For aught that the petition shows, the homestead was liable for this debt.

No complaint was made in the petition that it was not set off to the plaintiff, nor that the other property was not first exhausted.

The ground upon which relief is asked is that the plaintiff owned no interest in the land subject to execution.

The demurrer was properly sustained.

Inasmuch as the defendant offered to release from the operation of the sheriff's sale the homestead of the plaintiffs, they may, if they are so advised, have a decree granting them that relief.

                                          AFFIRMED.