## CASE v. DWIRE.

1. **Conveyance of Fee with Repugnant Condition:** CONDITION VOID. Where B. conveyed land to C. "to have and to hold the same unto her, the said C., as her own and indefeasible estate, to be owned, controlled, managed, and, if desired, sold and conveyed by her, or those who may act for her as her legal representatives or guardians, during her life," upon condition, however, that "whatever part or parcel of said premises may be owned or held by the said C. at the time of her decease, or of which she may die seized, or in which she may at that time have any right, title, or interest, shall revert to, vest in, and again become the absolute and indefeasible property of the grantor, or, in case of his death, to his lawful heirs, to the absolute exclusion and inhibition of all other persons or heirs:"—*Held* that C. took an absolute title in fee, and that the condition, being repugnant to the fee, was void, and that, upon the death of C., the land went to her heirs, and not to B. who survived her. ROTHROCK AND SEEVERS, J.J., *dissenting.*

*Appeal from Scott Circuit Court.*

WEDNESDAY, MARCH 21.

ACTION to quiet the title in plaintiff to an undivided moiety of a lot in the city of Davenport. A demurrer to plaintiff's petition was sustained, and a decree dismissing it was entered, from which she appeals.

*W. K. White*, for appellant.

*Bills & Block*, for appellees.

BECK, J.—I. The petition shows that plaintiff is an heir of Delaney D. Case, deceased, to whom Julius Burwell conveyed the property in question by a deed, the material parts of which are in the following language:

"Know all men by these presents, that I, Julius H. Burwell  *  *  for and in consideration of natural love and affection for Delaney D. Case  *  *  and the further sum of one dollar to me in hand paid, have sold and, by these presents, do grant, demise and convey unto her, the said Delaney D. Case, the following described premises, to-wit: (describing the lot)  *  *  to have and to hold the same unto her the said Delaney D. Case, as her own and indefeasible estate, to be owned, controlled, managed, and if desired, sold and conveyed by her, or those who may act for her as her legal representatives or guardians during her lifetime.

"This conveyance, however, is made and accepted upon the following express terms and conditions, that is to say, whatever part or parcel of said premises that may be owned or held by the said Delaney D. Case at the time of her decease, or of which she may die seized, or in which she at that time may have any right, title or interest, shall revert to, vest in, and again become the absolute and indefeasible property of the grantor  *  *  or, in case of his death, to his lawful heirs, to the absolute exclusion and inhibition of all other persons or heirs."

It is alleged that the grantee in the deed, Delaney D. Case, during her lifetime made no disposition of the lot; that she died May 11, 1871, leaving as her sole heirs the grantor in the deed, Julius Burwell, and plaintiff, and that the property has not been sold to pay debts against her estate.

The plaintiff claims that the fee simple title absolute was vested in Mrs. Case by this deed, and that the condition reserving a reversion to the grantor is inconsistent with the deed and repugnant thereto, and is, therefore, void. It is shown that the grantor, Julius Burwell, claims an interest in the lot adverse to plaintiff's title.

A demurrer to plaintiff's petition was sustained, and plaintiff failing to further plead, a decree was entered dismissing her bill.

II.   The deed conveyed the real estate to Mrs. Case in fee simple absolute.   The condition, however, is to the effect that whatever part of the premises of which she may die seized, or in which she may at the time of her death retain an interest, "shall revert to, vest in, and again become the absolute and indefeasible property of the grantor."   The language of the condition no less plainly and conclusively shows the purpose of conveying the fee simple title absolute, than the granting and *habendum* parts of the deed.   It expresses the thought that the grantee acquired the absolute title, which should revert to and become again vested in the grantor upon the condition expressed.   Here then, is an absolute conveyance in fee simple, with a condition inconsistent therewith. The deed and condition are in conflict; which shall stand?

III.   The deed vested the fee simple title absolute in the grantee.   Any condition inconsistent therewith would, if enforced, defeat the deed.   But the law will uphold the conveyance.   The condition must, therefore, be inoperative.   As the fee simple title absolute is conveyed by the deed, the condition cannot be enforced, for it is inconsistent therewith.   This conclusion is supported by the following cases: *McCleary v. Ellis*, 54 Iowa, 311; *Ide v. Ide*, 5 Mass., 500; *Jackson v. De Lancy*, 13 Johns., 537; *Attorney-General v. Hale*, Fitzg., 314; *Second Reformed Presbyterian Church v. Disbrow*, 52 Pa. St., 219.

We think our conclusion is supported by this obvious reason:   When the fee simple title absolute is conveyed, it is not in the power of the grantor to limit the disposition of the real estate, or direct the course of its descent.   Such a limitation, if operative, would change the character of the tenure to a conditional fee, or a determinable fee—it would not be a fee simple.

But counsel for defendant insist that the deed in this case did convey an estate for life with a power to sell and convey the land, which, they insist, is known in the books as a conditional fee, or a determinable fee.   This position is in con-

flict with the plain intention of the grantor, which was to convey the land in fee simple. The deed must be held to pass all the interest of the grantor. Code, § 1930.

The deed did not create a remainder or a revision, for there is no particular estate, without which neither can exist.

IV. There are cases holding that a devise to one, giving absolute control of lands and power of disposition, with a condition that upon the happening of an event, as the marriage or death of the devisee, the title shall vest in another, creates an estate for life in the first named grantee, and a remainder in the other. See *Smith v. Bell*, 6 Pet., 68; *Giles v. Little*, U. S. Supreme Court, December 12, 1881.

These cases are unlike the one before us. In each there was a particular estate to support the remainder; in this there is none upon which the revision may rest. The devises in these cases were final dispositions of the estate, directing what parties should take it. The deed in this case attempts to convey a fee simple title absolute, with a condition that the estate should return to the grantor upon an event provided for in the deed. In the cases referred to the courts were called upon to determine what parties took the estate under devises passing the title. In this case, the grantor, while admitting that he did convey the land in fee, yet, under the very deed which passed the title from him, claims now to hold it.

It is our opinion that the deed executed by defendant conveyed a fee simple title absolute and that the condition upon which he now relies to support his claim is void.

REVERSED.

ROTHROCK, J., *dissenting.*—The foregoing opinion designates the written instrument under consideration as a deed and a condition, and the ground of the opinion is that, the deed and condition being in conflict, the deed must stand, and the condition must be held void. It seems to me the whole instrument should be construed together, and that it

is not correct to say that part of it is a deed in fee, and the remainder is a condition repugnant to the deed, and, being repugnant, must be held void. By construing the whole instrument together, we have this contract between the parties: In consideration of natural love and affection, and the sum of one dollar, the grantor conveys to the grantee the premises in controversy to be her own indefeasible estate, and, if desired, to be sold by her during her life; but if not sold by the grantee, the property at her death "shall revert to, vest in, and again become the absolute and indefeasible property of the grantor or his heirs." And the grant thus made is required to be accepted upon the foregoing terms and conditions.

Now, why this contract may not be carried out and enforced according to its plain meaning and the intention of the parties expressed in clear and unmistakable language, is more than I can understand. The majority opinion holds that the deed is complete in itself, and the condition, being in conflict therewith, must be regarded void. I think this is a mistake. There is no real conflict between the granting and *habendum* clauses and that part which is called a condition in the majority opinion. The latter is but a qualification of the former, and the fee, being thus qualified, is what is denominated as a qualified, base, or determinable fee, which is defined to be "an interest which may continue forever, but the estate is liable to be determined without the aid of a conveyance by some act or event circumscribing its continuance or extent." Kent's Com., Vol. 4., p. 8.

Again it is said: "This estate is a fee, because by possibility it may endure forever in a man and his heirs; yet, as that duration depends upon the concurrence of collateral circumstances which qualify and debase the purity of the donation, it is, therefore, a qualified or base fee." Blackstone's Com., Vol. 1, Book 2, p. 109.

Now the interest of the grantee and her heirs in the property was liable to be determined by her failure to sell the

same during her life, and that act, or rather failure to act, circumscribed the continuance and extent of the estate. I think no adjudged case can be found which holds that the event which may determine, the fee and cause the estate to revert to the grantor may not be the failure of the grantee to convey. No reason can be adduced why that event may not terminate it as effectually as any of the examples given in the books, such as a limitation to a man and his heirs till the marriage of B, or so long as St. Paul's Church shall stand, and the like. See 4 Kent's Com., 8.

It is correct that restraints upon the power of alienation and unlawful conditions, or such as are immoral in their nature, or impossible of performance, have always been held as repugnant to a grant in fee, and are, therefore, void. But the limitation in this case is not vulnerable to any of these objections. It in no sense fetters or restrains alienation, but rather invites and encourages it, and it is open to no possible objection founded on any consideration of public policy or good morals, and there appears to me to be no good reason why the plainly expressed intention of the parties to the contract should not be respected and enforced.

SEEVERS, J., concurs in the views I have herein expressed.