Van Osdell and another vs. Champion and others.

<div style="margin-left:auto;width:fit-content">

89  661
94  609

89      661
s27 LRA  773
52 LRA 641n
57 LRA 384n
</div>

Van Osdell and another vs. Champion, Administratrix, and others, Appellants, and Corbin and others, Respondents.

*February 11 — March 5, 1895.*

(1) *Wills: Invalid condition in devise: Land not to be subject to debts.*
(2) *Partition: Application of lien creditors: Costs.*

1. A condition in a devise that the land "shall in no wise ever be subject to any debt, liability, execution, attachment, or judgment against said [devisee], existing at this time or at any time hereafter," is void.

2. Under secs. 3128, 3129, R. S., where in an action for partition the issues made upon the applications for payment of creditors with liens are tried by the court, costs may be awarded in like manner as if there had been a trial by jury; and, the proceedings being equitable, attorney's fees may be taxed therein.

APPEAL from a judgment of the circuit court for La Fayette county: GEO. CLEMENTSON, Circuit Judge.  *Affirmed.*

An action was brought for the partition of certain lands, against Charles B. Champion, who claimed an undivided fifth interest in the same under the residuary clause of the will of his mother, Elizabeth Champion, and against various others interested in said premises, claiming under the will and as incumbrancers.  The premises were sold under the judgment in the partition suit, and the proceeds of the interest of said Charles B. Champion therein paid into court, amounting to $2,116.17; and they were claimed by divers judgment creditors of the said Champion, among others the respondents *Calvin R. Corbin* and *Horatio May,* under a judgment in their favor and against Champion, rendered May 7, 1870, and by *L. A. Clinton,* under a similar judgment, and they filed petitions in the partition action, claiming said moneys.  Their claims were resisted by *Ellen Champion,* widow and administratrix of the estate of Charles B. Champion (who had died in the meantime), on the ground that his interest in the lands was not subject to levy or sale on execution, by reason of the provisions of the will of his mother through which he obtained his title, and also by other defendants who held alleged incumbrances against his interest in the lands.

A trial was had before the court upon issues joined on these petitions; and it was found, among other things, that the interest of Champion in the lands had been sold on execution issued October 4, 1890, upon leave granted, on the judgment in favor of *Corbin* and *May,* and that it remained unredeemed from such sale; that the entirety of the lands ·

was devised by Elizabeth Champion to Charles B. Champion and four others equally, share and share alike, their heirs and assigns forever, the testatrix making in said devise "the express condition that the share of my said son, Charles B. Champion, shall in no wise ever be subject to any debt, liability, execution, attachment, or judgment against said Charles B. Champion, existing at this time or at any time hereafter;" that the judgment in favor of *L. A. Clinton* against Champion was rendered May 6, 1890, and was the paramount lien, the lien of the *Corbin* and *May* judgment having expired; that the dower interest of *Ellen Champion*, the widow of the deceased, in the fund in court, was $427.87, which she had elected to take for her dower; that the amount due on the judgment of *L. A. Clinton* was $291.68; and that the remainder of the fund — $1,396.61 — belonged to, and should be paid over to, *Corbin* and *May*. And judgment was given for the payment of these sums accordingly, and for costs in favor of *Corbin* and *May*, and also in favor of *L. A. Clinton*, against *Ellen Champion*, as administratrix, etc., to be paid in course of due administration out of the estate of Charles B. Champion, deceased, and against *George F. West* and other defendants named, who had resisted and defended against said petitions. The costs in favor of *Corbin* and *May* were taxed by the clerk, allowing only $25 attorney's fees to the petitioners, which, on their appeal, was increased by the court to $67.12. From this judgment *Ellen Champion*, as administratrix, etc., and other defendants appealed.

For the appellants there was a brief by *Wilson & Martin* and *Calvert Spensley*, and oral argument by *Mr. H. C. Martin* and *Mr. Spensley*. They contended, *inter alia*, that a condition which defeats an estate on appropriation to the grantee's debts is valid. *Broadway Nat. Bank v. Adams*, 133 Mass. 170; *Overman's Appeal*, 88 Pa. St. 276; *White v.*

*Thomas*, 8 Bush, 661.   A devise of the income of property, to cease on bankruptcy or insolvency, is valid.   *Nichols v. Eaton*, 91 U. S. 716; *Brandon v. Robinson*, 18 Ves. 429; *Bramhall v. Ferris*, 14 N. Y. 41; 2 Jarman, Wills (5th ed.), 25.   When the intention of the testator is clearly declared to be to bequeath the property for the sole benefit of the donee, or that his creditors shall have no part of it, the bequest will fail upon his insolvency or bankruptcy, even when it occurs during the life of the testator, and a gift over will take effect.   Beach, Wills, § 231.   See, also, *Shankland's Appeal*, 47 Pa. St. 113; *Braman v. Stiles*, 2 Pick. 460; *Perkins v. Hays*, 3 Gray, 405; *Foster v. Foster*, 133 Mass. 179; 2 Redf. Wills (1st ed.), 669; *Yarnold v. Moorhouse*, 1 Russ. & M. 364.   The tendency of Wisconsin courts and statutes is in the direction of allowing a testator liberal latitude in disposing of his property.   Trusts may be created for the beneficial interest of any person (R. S. sec. 2081), and such property cannot be reached by creditors (sec. 3029).   So that if Mrs. Champion had conveyed the property to trustees for her son's benefit, his creditors could not reach it.

*W. E. Carter*, for the respondents, argued, among other things, that the condition is void and the grant itself remains as absolute in all respects as though no condition had been attempted to be attached to it.   2 Redf. Wills, 287, 288, 289, 290, 668; 6 Am. & Eng. Ency. of Law, 903, note; *Brandon v. Robinson*, 18 Ves. 429; 4 Kent, Comm, 131; *Blackstone Bank v. Davis*, 21 Pick. 42; *Hall v. Tufts*, 18 id. 459, 460; *Gleason v. Fayerweather*, 4 Gray, 348; *Good v. Fichthorn*, 144 Pa. St. 287; *Stansbury v. Hubner*, 73 Md. 228; *Lawrence v. Singleton*, 17 S. W. Rep. 265; *Hardy v. Galloway*, 111 N. C. 519; *Hahn v. Hutchinson*, 159 Pa. St. 133; *Hall v. Palmer*, 87 Va. 354; *Schermerhorn v. Negus*, 1 Denio, 448; *Ehrisman v. Sener*, 162 Pa. St. 577; *McCleary v. Ellis*, 54 Iowa, 311; *McCormick H. M. Co. v. Gates*, 75 id. 343;

*Sitzman v. Pacquette*, 13 Wis. 313, 314; *Bridge v. Ward*, 35 id. 687; *Arzbacher v. Mayer*, 53 id. 388, 391; *Green Bay & M. C. Co. v. Hewett*, 55 id. 104.

PINNEY, J. 1. It is laid down as a general rule that "a condition, annexed to a conveyance in fee or by devise, that the purchaser or devisee should not alien, is unlawful and void. . . . If the grant be upon the condition that the grantee shall not commit waste, or not take the profits, or his wife not have her dower, or the husband his curtesy, the condition is repugnant and void, for these rights are inseparable from the estate in fee." " Conditions are not sustained when they are repugnant to the estate granted, or infringe upon the essential enjoyment and independent rights of property, and tend manifestly to public inconvenience." 4 Kent, Comm. *131; 2 Redf. Wills, 287, 290. But it has been held that land may be conveyed to a married woman so as to exclude her husband upon her death from becoming tenant of the premises by the curtesy. *Haight v. Hall*, 74 Wis. 152. The authorities are very generally agreed that property cannot be conveyed, devised, or bequeathed with a restriction against it or any portion of it going to assignees in bankruptcy or in any form to creditors, although a grant may be made which shall be determinable by way of *cesser*, or by limitation of the estate over to another upon the occurrence of a certain event, such as insolvency, bankruptcy, or the occurrence of any other act or event arising or growing out of the conduct or neglect of the grantee or devisee. The bounty of a grantor or testator may, however, be secured to another by means of a trust, a "spendthrift's," as it is sometimes called; so that the periodical income of the estate cannot be anticipated by the *cestui que trust*, but may be paid to him from time to time, beyond the power of creditors to intercept or reach it. Many such cases are collated and cited by appellants' counsel, some of which are referred

to in *Nichols v. Eaton*, 91 U. S. 717, 727; and the whole subject is fully considered in *Broadway Nat. Bank v. Adams*, 133 Mass. 170, and *Foster v. Foster*, 133 Mass. 179.

But these cases are all clearly distinguishable from the present, by reason of the absolute and unlimited condition contained in the residuary clause of Mrs. Champion's will, under which her son, Charles B. Champion, obtained his title. We have not been referred to, nor are we aware of, any authority that would warrant us in upholding, as against the creditors of Charles B. Champion, the provision by which the devise to him was upon the express condition that the premises should " in no wise ever be subject to any debt, liability, execution, or attachment against him, *existing at this time or at any time hereafter.*" The condition is general, and is not limited to future events. It was intended to affect existing as well as future writs or judgments, and is unlimited in point of time, and was manifestly an attempt to secure the estate in his hands as a devisee in fee against the claims of creditors incident to such an ownership by the laws of every civilized state; and to sustain such a condition would be productive of great inconvenience to creditors and those dealing with the grantee or devisee upon the faith of apparent absolute ownership, and would be contrary to sound public policy. To give effect to such a condition would be, as to such transaction, to permit parties to abrogate and annul the law of the state by a mere private arrangement; and the contention of the appellants' counsel goes to the extent of claiming that a man may thus be the full legal, as well as the equitable, owner of property thus devised, deal with it as he pleases, and that it shall not be liable for his debts. This would be to destroy, in a very great degree, all faith in the apparent ownership of property, and countenance secret exemptions from liability of a debtor's property for his debts, and would tend to mischievous and fraudulent results.

In *Blackstone Bank v. Davis*, 21 Pick. 42, it was held that
a provision, in a devise of land, that the land should not " be
subject or liable to conveyance or attachment," was void,
because contrary to law, which makes a man's property liable
for the payment of his debts. In that case, as in this, the
condition was unlimited in point of time; and it was declared
to be "an attempt to impose a restraint upon property
which the law would not allow." In *Bramhall v. Ferris*,
14 N. Y. 44, while sustaining the provision there in question,
it was said that "any attempt to make the interest of the
beneficiary inalienable, or to withdraw it from the claims of
creditors, would have been nugatory, . . . would clearly
be repugnant to the estate in fact devised and bequeathed,
and would be ineffectual for that reason as well as upon the
policy of the law." This view is sustained in *Hahn v. Hutch-
inson*, 159 Pa. St. 133, 138–141; *Stansbury v. Hubner*, 73 Md.
229; *Steib v. Whitehead*, 111 Ill. 251; *McCormick H. M. Co.
v. Gates*, 75 Iowa, 343; *Ehrisman v. Sener*, 162 Pa. St. 577.
We hold, therefore, that the provision in the will of Mrs.
Champion, relied on to protect the property devised to
Charles B. Champion from the claims of his judgment cred-
itors, is void.

2. By sec. 3128, R. S., provision is made by which appli-
cation may be made to the court by any creditor being a
party to an action for partition and having a lien upon any
undivided share or interest in the premises sold, to order the
amount due such creditor to be paid, and for a hearing upon
notice to the other party; and by sec. 3129 the court is "to
hear the proofs and allegations of the parties, and if any
question of fact shall arise which, in the opinion of the
court, cannot be determined without a trial by jury, the
court shall direct an issue to be made which shall be tried
as in other cases, and the costs of such trial shall be paid
by the party failing, which payment shall be enforced as in
other cases." It is objected by the appellant that the power

to award costs against the party failing extends only to cases where the issue is tried by a jury; and where, as in this case, the issue was tried by the court, the power to award costs does not exist. By sec. 2883, R. S., judgment may be given in an action " determining the ultimate rights of the parties on each side, as between themselves; " and this would include the right to award costs as between them. We think that, by a fair construction of the statute, the costs, if the issues are tried by the court, may be awarded in like manner as if there had been a trial by jury. Both the action for partition and this proceeding in it being of an equitable character, attorney's fees were rightly taxed as. between the parties to these issues as in equitable actions.

We find no error in the judgment appealed from.

*By the Court.*— The judgment of the circuit court is affirmed.