CARRIE C. TEANY, ROBERT E. COLE, CORA F. COLE (a minor), by her next friend, CARRIE C. TEANY, ADA F. COLE (a minor), by her next friend, CARRIE C. TEANY, Appellants, v. HENRY MAINS, CATHERINE COLE, M. T. COLE, J. A. McLUEN, MRS. J. A. McLUEN AND IOWA LOAN & TRUST COMPANY, a corporation.

**Deeds:** WORDS OF INHERITANCE: *Repugnancy.* Where the granting clause of a deed did not contain words of inheritance, but it was recited that the conveyance was made for the sole use of the grantee and of her heirs, and that she was not to have the privilege of conveying or incumbering it, the grantee took an absolute estate, and not as trustee for heirs, then living, since, by Code, section 2913, a fee may be created without the word "heirs," and the provision as to the heirs was not inconsistent with the fee, and the condition imposed, being repugnant to the grant of the fee, was void

*Appeal from Guthrie District Court.*—HONS. J. H. APPLEGATE and J. D. GAMBLE, Judges.

MONDAY, JANUARY 21, 1901:

THE defendants, the Iowa Loan & Trust Company and J. A. and Nellie McLuen, demurred to plaintiffs' petition, and the demurrer was sustained, whereupon the plaintiffs,

with leave, filed an amended and substituted petition, which, on motion of said defendants, was stricken from the files. Thereupon plaintiffs moved to vacate said orders which was overruled, and, plaintiffs refusing to further plead, judgment was rendered dismissing their petition, and for costs, from which they appeal.—*Affirmed.*

*Henry B. Holsman* for appellants.

*J. D. Brown* for appellees.

GIVEN, C. J.—I. The motion to strike the amended and substituted ptition was submitted to and sustained by Judge Gamble. There was no error in the ruling, as said amended and substituted petition presented the same cause of action as the original. True, it is with much elaboration, but without a single additional essential allegation. The motion to vacate the rulings made on the demurrer and the motion to strike were also submitted to Judge Gamble, and properly overruled, as in doing so he simply adhered to the ruling made by Judge Applegate on the submission of the demurrer to the petition.

II. This brings us to inquire whether the court erred in submitting the demurrer to the original petition. That petition shows, in substance, as follows: That plaintiffs are the grandchildren of Henry Mains, and only children of his daughter Catherine Cole; that on the twelfth day of June, 1895,, Henry Mains was the owner of a certain tract of land described; that on said day said Henry Mains and wife executed the deed of conveyance set out to Catherine Cole for said premises, which deed was filed for record on the day of its execution. Plaintiffs alleged as follows: "That on the 12th day of June, 1895, the defendant Henry Mains, desiring to provide for the support and maintenance and education of the plaintiffs and for the support of the defendant Catherine Cole during her natural life, executed an express trust in writing conveying the naked legal title to said real

estate to the defendant Catherine Cole, in trust for the plain-
tiffs, and conveying the equitable title of the said real estate
in equal undivided shares to the plaintiffs and the defendant
Cathrine Cole, and making the defendant Catherine Cole the
trustee for the execution and distribution of said trust fund,
and expressly providing that the said trustee should not have
the privilege, under any circumstances, to deed or mortgage
the premises to anyone. A copy of said express trust is hereto
annexed, marked 'Exhibit A,' and made a part hereof."
Plaintiffs further allege that Catherine Cole failed to carry
out the said trust, and, in violation therof, executed a mort-
gage on said premises to the defendant the Iowa Loan &
Trust Company on the first day of November, 1895, and by
conveying said premises to the defendant J. A. McLuen on
the seventeenth day of May, 1897, and by putting him in
possession of the premises. Plaintiffs prayed that said prem-
ises be released from said mortgage; that the deed to Mc-
Luen be canceled, and that he be held to have been the trus-
tee of plaintiffs during his possession, and required to ac-
count for rents and profits; and that the title be quieted in
plaintiffs, or in some suitable person to be appointed to carry
out the trust. The deed from Henry Mains and wife to
Catherine Cole recites that, "in consideration of the sum of
one and no one-hundredths dollars in hand paid by Cather-
ine Cole, of Guthrie county, and state of Iowa, do hereby
sell and convey unto said Catherine Cole the following de-
scribed premises," describing said tract of land. Immedi-
ately following after this description the deed contains the
following: "This deed is given to said Catherine Cole, my
daughter, with the distinct understanding and agreement
that it is for her sole use and that of her heirs, and that she
is not to have the privilege, under any circumstances, to deed,
it away, or make a mortgage on it to any one." The deed
concludes with the usual covenants of warranty. The de-
murrer to the petition is upon two grounds, namely: "(1)
That said petition fails to show on its face that said plain-

tiffs, or any of them, has any interest whatever in the subject-matter of this action; (2) that the facts stated in said petition do not entitle plaintiffs to the relief demanded." Appellants' counsel state their contention as follows: The agreement set out in the deed separated the equitable from the legal estate, and created both a use and a trust. It made Catherine Cole a beneficiary in the use and trustee of the trust. It made the heirs of Catherine Cole beneficiaries in both the use and trust, and equitable tenants in common with Catherine Cole during the life of Catherine Cole. It gave the equitable estate or use to Catherine Cole and her heirs in common, and gave the legal estate to Catherine Cole in trust for her heirs, and gave the heirs or children a remainder in fee simple upon the death of Catherine Cole." Appellees' counsel contend "that Catherine Cole, under the deed to her by her father, Henry Mains, took an estate in fee simple, and that the clause in the deed imposing a restraint upon the right of alienation is void, as repugnant to the grant." Omitting the part of the deed following the description of the land, quoted above, we have a deed of general warranty conveying the premises to Catherine Cole in fee simple. True, the conveyance is "unto the said Catherine Cole," and not to her and her heirs; but under section 2913 of the Code the effect is the same as if the conveyance was expressly to her and her heirs. That section provides that " the term 'heirs' or other technical words of inheritance are not necessary to create and convey an estate in fee simple." The words, "This deed is given to said Catherine Cole, my daughter, with the distinct understanding and agreement that it is for her sole use, and that of her heirs," express no more than under the provisions of said section 2913 was previously expressed in the deed, and are in harmony with the title conveyed, namely, a fee-simple title to Catherine Cole and her heirs. The words, "and that she is not to have the privilege, under any circumstances, to deed it away, or make a mortgage on it to any

one," are clearly a restraint upon the right of alienation. The question, then, is whether this restraint renders that part of·the deed void. Many authorities are cited, but we need not look beyond our own decisions to determine the effect that should be given to these words. In *McCleary v. Ellis,* 54 Iowa, 311, the deed conveyed as a gife from the father to his son "all my interest in the following lands," describing a tract of 190 acres. After the description the deed contained the following: "To have the above-described lands his lifetime, and to go to his children at his death; but, if he dies without children, then the above-described land to go to his brother George McCleary, and at his death is to go to his brother's children—that is, George McCleary's children—but, if George dies without children, it is to go to his sister's children. It is expressly understood that he shall not part with it or sell it, nor shall any person sell it for him, or for debts whatsoever." This court, speaking through Day, J., said: "From an examination of the deed of Abram McCleary it is evident that it conveys a fee-simple estate. The conveyance is of a life estate to George McCleary, remainder to his children, but, if he should die without children, to his brother, George, and his children, and, if George should die without children, remainder to his sister's children. The conveyance is of a life estate and a vested remainder in fee. 4 Kent Commentaries, 203. No reversionary interest is retained in the grantor. He has disposed of his entire estate in fee. The disposition of the estate is to the beneficiary directly without the intervention of trustees. The question in this case is, can the grantor of the fee impose restraints upon alienation?" After a careful review of the authorities, the court said: "We have no hesitancy in holding, in view of the authorities above quoted and others that might be referred to, that the conditions of this deed against alienage and liability for debts are void." The condition in the deed under consideration against alienage is so identical with that in the *McCleary Case* that we regard·that case as.

-determinative of this. On the question as to kind of title Catherine Cole took and upon the question just considered, . see,. also, *Case v. Dwire,* 60 Iowa, 442; *Machine Co. v. Gates,* 75 Iowa, 343, and *Meek v. Briggs,* 87 Iowa, 610. There was no error in sustaining the demurrer, nor in any -of the respects complained of.—AFFIRMED.