In re Estate of F. M. OGLE, Deceased, HARRISON OGLE, Administrator with will annexed of the Estate of F. M. OGLE, Deceased, Appellant, v. LUCY J. BURMISTER et al., Defendants, IDA OGLE LAWYER, Appellee.

Wills: FEE SIMPLE ESTATE: PROVISIONS AGAINST ALIENATION. Where by the terms of a will an absolute fee is granted, the devisee will take the title unincumbered by a subsequent provision against alienation; as such a provision is void.

*Appeal from Warren District Court,* HON. EDMUND
NICHOLS, Judge.

TUESDAY, FEBRUARY 15, 1910.

THIS is a proceeding for the construction of the will
of F. M. Ogle, deceased. From the order of the district
court sitting as a court of probate, the administrator appeals. *Affirmed.*

*J. R. Howard* and *Henderson & Henderson,* for
appellant.

*W. H. Berry,* for appellee.

DEEMER, C. J.—F. M. Ogle died testate about July
17, 1907. His will was duly admitted to probate, and
this action was brought by the administrator with will annexed to obtain a construction of the following paragraphs
of the will:

Fourth, I give and devise unto my niece, Ida Ogle
Lawyer all my real estate in Colorado, of which she may
dispose of in any manner she wishes; I also give and devise unto her all my real estate in Iowa of which I may
die seised; and which she is neither to sell or mortgage
or neither is her heirs to sell or mortgage.
Fifth, All the rest and residue of my estate, I give
and bequeath, to my sisters, Eliza Ogle Frame, Lucy J.
Burmister, Elizabeth Homes (deceased) but leaving two
heirs, Robert and Dora Homes, and Eva Moore.

The administrator, who is appellant, claims that the
fourth paragraph of the will is void because it creates an
estate in perpetuity, which can neither be sold nor mortgaged either by the devisee or her heirs. Reliance is
placed upon section 2901 of the Code, which reads as follows: "Every disposition of property is void which sus-

pends the absolute power of controlling the same, for a longer -period than during the lives of persons then in being, and twenty one years thereafter."

Arguing that this paragraph is void, he further contends that the estate attempted to be created thereby passed to the residuary legatees under the fifth paragraph of the will. It is clear that testator intended to give all of his real estate in Colorado and all of his real estate of which he died seised in Iowa, to Ida Ogle Lawyer. It is also provided that neither she nor her heirs were to sell or mortgage the Iowa land. There was no intention on the part of the testator to give the devisees mentioned in the fifth paragraph any part of the Colorado or Iowa real estate. If they take this it is because of some rule of law which gives it to them. No condition or forfeiture is annexed to the devise, either in the fourth or any other part of the will. That the will gives to Ida Ogle Lawyer a fee simple to the real estate devised to her is clear (*McCleary v. Ellis*, 54 Iowa, 311), and the only question is whether or not the restraint on alienation is valid. The words used do not in any manner limit the estate taken under the devise, and a condition against alienation is void. *Cushing v. Spalding*, 164 Mass. 287 (41 N. E. 297); *Van Osdell v. Champion*, 89 Wis. 661 (62 N. W. 539, 27 L. R. A. 773, 46 Am. St. Rep. 864); *McCleary v. Ellis, supra; Teany v. Mains*, 113 Iowa, 53; *Mandlebaum v. McDonnell*, 29 Mich. 78 (18 Am. Rep. 61). From the last case cited we quote the following:

This devise is not made to trustees for the benefit of the devisees, but directly to the devisees themselves. The estate devised is not a conditional one to be forfeited or to revert to the heirs of the testator, or to go over to others on a breach of the restrictions, nor one which is to vest at some future day, or upon the happening of some future event, but an absolute vested remainder or estate in fee, and though not to come into actual enjoyment until the death of the widow, to whom a life estate is given, it is

just as much vested, and the devisees have just as much
right to sell the interest or estate devised as if there had
been no intervening estate for life. And the question of
the validity of the restriction is, in my view, precisely
the same, in all its legal aspects, as if no life estate had
been given to the widow, but the whole had been given
in fee directly to these devisees, as an absolute estate in
fee and in possession, with the same provisions restricting
the power to sell. My first difficulty in holding the de-
visees or their estate by the restriction is this: a legal
obligation always involves the idea, not only of a party
in whose favor, or for whose interest or benefit it is im-
posed, and who, therefore, has the right to call for its en-
forcement. To give vitality and force to the current of a
legal obligation, it requires, like the galvanic current, a
battery with two opposite poles, between which the current
it to pass and the force to operate. A circuit formed up-
on only one remains quiescent. The force of gravitation
itself would cease to act, if not exist, without at least
two bodies (or particles) between which it could be ex-
erted. And it is not easy to see how this restriction can
impose any legal obligation upon the devisees or limit
their power over the estate, when the observance or viola-
tion of the restriction can neither promote nor prejudice
any interest but their own; and it had not been claimed
that any other interest could be affected here. Let us test
this a little further by a few analytical questions. In
whose behalf, for whose interest, is the restriction im-
posed? Is it not solely for that of the devisees themselves?
And who has a right to enforce it or complain of its
breach? What species of legal tie or obligation is that
which attaches only at one end, and, ending where it be-
gins, operates only in behalf of the very party upon whom,
or on whose property it is imposed, making him at the
same time the obligor and obligee? May not a party in
whose behalf an obligation exists forego or release its per-
formance? If not, then at whose instance will the court
compel him to insist upon its performance? It must be
admitted that such a restriction, in such a case, is not nat-
urally calculated to lead to litigation, since, if the party
in whose favor the obligation exists insists upon its per-
formance, it would in all probability be performed; and

if the party upon whom it rests should refuse to obey the restriction, the party in whose favor it was imposed would not be likely to insist upon it, both these parties being one and the same. But does it not seem to result that he may do very much as he pleases about performing such an obligation? I confess my inability to see how the restriction is any more binding upon the devisees or their estate than it would have been upon the heirs of their estate had the testator disposed by the will only of the life estate to the wife, and left the remainder to descend to the heirs, and undertaken to impose the same restrictions upon them or upon the estate in their hands. In either case the whole estate (subject to the life interest) is equally centered in the devisees in one case, and in the heirs in the other, and no interest but their own to be affected by its observance or violation. In neither case, as it seems to me, can the restriction be regarded as anything more than the expression of a desire, or the mere advice of the testator, which, though the devisees might choose more or less to respect, they had a clear legal right to disregard. To make it obligatory would be to sanction a testamentary guardianship over parties not subject to that species of control. These considerations seem to me sufficient to dispose of this case, and to show that, as in *Hall v. Tufts,* 18 Pick. [Mass.] 459, and *Blackstone Bank v. Davis,* 21 Pick. [Mass.] 42 (32 Am. Dec. 241), the intent expressed is contrary to law, or at least one which courts can not enforce. See, also, *Brandon v. Robinson,* 18 Ves. 429; *Graves v. Dolphin,* 1 Sim. 66; *Rochford v. Hackman,* 9 Hare, 479; *Doebler's Appeal,* 64 Pa. 9; *Kepple's Appeal,* 53 Pa. 211; *Craig v. Wells,* 11 N. Y. 315.

This argument is so persuasive that little more need be said in support of the decree of the trial court. It may be observed, however, that if the devise be upon condition that condition is what is known as a condition subsequent. Such a condition, if repugnant to the nature of the estate devised, will be absolutely disregarded and the devisee will take absolutely. As said by Underhill, in his work on Wills, vol. 1, sec. 491: "The condition is

absolutely void, and the devisee will take the property discharged from it. A man can not give property absolutely and at the same time provide that it shall not be enjoyed by the devisee according to law." This proposition is sustained by abundant authority and in no case more strongly than in *McCleary v. Ellis, supra.*

As the condition against alienation is entirely void, Ida Ogle Lawyer took an estate in fee, and the trial court was correct in its conclusion. The decree must be, and it is, *affirmed.*