ELLA H. DAVIDSON, Appellee, v. B. L. AUWERDA et al., Appellants.

**WILLS: Construction—Restraint on Alienation.** A testamentary provision to the effect that a devisee shall not, during his lifetime, sell a fee is void, especially when testator makes no provision for a forfeiture of the fee in case the provision against a sale is violated.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 7, 1922.

ACTION in equity, to compel the specific performance of a contract for the sale of real estate. Decree for plaintiff. Defendants appeal.—*Affirmed.*

*Clarence H. Dickey,* for appellants.

*A. L. Parsons,* for appellee.

PRESTON, J.—A written contract was entered into August 22, 1921, between plaintiff and B. L. Auwerda, doing business as Sullivan & Auwerda, by which plaintiff agreed to sell defendant for $22,000 a certain lot, a store property, in the city of Keokuk. By the terms of the contract, plaintiff was to furnish an abstract showing the title of said property to be merchantable, and to give a good and sufficient warranty deed. The execution of the contract was admitted; but defendants denied that the abstract furnished by plaintiff shows such title as was required, because the abstract shows that plaintiff received the property in question by will, which contained the following provision:

"I direct that said lot shall not be sold or mortgaged nor incumbered with any debt during my daughter Ella, natural

life, and all taxes paid and repairs paid and to be kept insured.''

The determination of the case is dependent wholly upon the construction of the clause in the will just quoted. Appellants' contention is that the abstract does not show merchantable title, and that the provision is a restraint upon alienation; that it is valid, even though the statutes have removed plaintiff's disabilities. Plaintiff is a married woman. The contract was signed by her and by her husband. Appellee's contention is, and the trial court so found, that the provision devises, in the granting clause, a fee title to plaintiff, and that the later provision is repugnant to the grant and is void; that the later provision is advisory only, and not a limitation on plaintiff's title.

No Iowa cases are cited by appellants. They cite *Travis v. Sitz*, 135 Tenn. 156 (L. R. A. 1917A, 671); Thompson on Wills 297; *Hauser v. City of St. Louis*, 28 L. R. A. (N. S.) 426, and note; *Robinson v. Randolph*, 21 Fla. 629 (58 Am. Rep. 692). The provisions in the instruments in litigation in the cases cited are, as to some of them at least, quite dissimilar to those in the instant case. We think the question is foreclosed by our Iowa cases. Appellants concede the force of the Iowa rule announced in our cases, but contend that the provision in question takes the case out of the Iowa rule, and presents such a restraint upon alienation that it should be held valid. It will be observed that there was no forfeiture in the event that plaintiff did convey or incumber. The suggestion of her father that she keep unincumbered the particular property was based upon conditions as they existed 27 years ago. The will was executed in 1894. There is no provision in this will, and we think none was intended, that the property should be diverted and vest in someone else if, for instance, she should mortgage it. Most, if not all, of the Iowa cases refer to *McCleary v. Ellis*, 54 Iowa 311, 315. In the opinion, the following language is quoted with approval:

''We are entirely satisfied there has never been a time since the statute *quia emptores* when a restriction in a conveyance of a vested estate in fee simple, in possession or remainder, against selling for a particular period of time, was valid by the common law, and we think it would be unwise and injurious to admit into the law the principle contended for by the defend-

ants' counsel, that such restrictions should be held valid, if imposed only for a reasonable time. * * * The only safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction which would suspend all power of alienation for a single day is inconsistent with the estate granted, unreasonable, and void.''

In *In re Estate of Ogle,* 146 Iowa 33, 35, the clause in the will was as follows:

''I give and devise unto my niece, Ida Ogle Lawyer, all my real estate in Colorado, of which she may dispose of in any manner she wishes; I also give and devise unto her all my real estate in Iowa of which I may die seized; and which she is neither to sell or mortgage or neither is her heirs to sell or mortgage.''

Of that provision the court said:

''No condition or forfeiture is annexed to the devise. * * * That the will gives to Ida Ogle Lawyer a fee simple to the real estate devised to her is clear (*McCleary v. Ellis,* 54 Iowa 311), and the only question is whether or not the restraint on alienation is valid. The words used do not in any manner limit the estate taken under the devise, and a condition against alienation is void. * * * *Teany v. Mains,* 113 Iowa 53. *Mandlebaum v. McDonell,* 29 Mich. 78.''

The opinion quotes extensively from the Michigan case, in which this language is used:

''In neither case, * * * can the restriction be regarded as anything more than the expression of a desire, or the mere advice of the testator, which, though the devisees might choose more or less to respect, they had a clear legal right to disregard.''

Of this language, Mr. Justice Deemer, in the *Ogle* opinion, says that this argument is so persuasive that little more need be said in support of the decree of the trial court. See, also, *Hess v. Kernen Bros.,* 169 Iowa 646, 656; *Glenn v. Gross,* 185 Iowa 546, 549, 550.

Without further discussion, we are of opinion that the trial court ruled correctly, and the judgment is, therefore,—*Affirmed.*

Stevens, C. J., Weaver and De Graff, JJ., concur.