ELLA GRAHAM et al., appellants, v. MARK JOHNSTON et al., appellees.

No. 47934.

(Reported in 49 N.W.2d 540)

OCTOBER 16, 1951.

REHEARING DENIED DECEMBER 14, 1951.

McNeil & Bonham, of Montezuma, for appellants.

Talbott & Talbott, of Brooklyn, for appellees Mark Johnston and Cora Johnston.

Hyland & Hyland, of Tama, for appellees Floyd Johnston and Hazel Johnston.

McFarlin & McFarlin, of Montezuma, for appellees Theodore Johnston and Gladys Johnston.

MANTZ, J.—The action is in partition wherein certain daughters of J. F. Johnston, deceased, sought to have canceled and set aside three warranty deeds to three sons of decedent under the claim that there never was a legal delivery, and that the deeds were invalid on account of certain reservations contained therein. The three sons resisted alleging that there was no merit to the claims of plaintiffs; that they were the absolute and unqualified owners of the several tracts and that they derived title through the deeds in question. The trial court held that the plaintiffs' claims were without merit and confirmed title to the real estate in the three sons and dismissed plaintiffs' petition. This appeal followed.

I. There is little conflict in the evidence. Practically all of it was stipulated. The difficulty grows out of the application of such evidence to certain legal principles—to wit, war-

ranty deeds containing reservations and restrictions, and whether or not these deeds had been legally delivered.

On October 26, 1942, and prior thereto, John F. Johnston, sometimes referred to as J. F. Johnston, a widower, resided in Poweshiek County, Iowa, and owned five hundred twenty acres of land in said county. He had seven children, four daughters (plaintiffs herein) and three sons (defendants herein).

On that date Johnston made out four separate warranty deeds, conveying to each of his sons, Mark, Theodore and Floyd one hundred sixty acres, and to the daughters forty acres. In each of them he reserved a life estate and provided that the real estate was to be under his charge and control during his natural life. In each of these deeds there is a restrictive provision to the effect that the land covered shall not be mortgaged by the grantee or grantees, and that said premises shall not be liable for the past or future debts of the grantee or grantees. Said deed further recites that same are gift deeds. All of the four deeds were on the ordinary warranty deed form and in all of them there is the recital that the grantor sells and conveys. These four deeds were filed for record in the office of the county recorder of Poweshiek County, Iowa, by the grantor on November 2, 1942. These deeds were in the possession of the grantor at the time of his death, which took place on July 5, 1948. He died testate and his will was admitted to probate August 3, 1948. This will was dated August 27, 1946. We set out paragraph 4 thereof:

"Par. 4. Having conveyed all my real estate by deed, reserving to myself a life estate in the same, I have given my sons, Mark Johnston, Theodore Johnston and Floyd Johnston, their full share in my estate and do not by this my Last Will and Testament leave to them or either of them anything additional."

It is apparent that one of the decisive issues herein is as to the force and effect of the three separate warranty deeds to the sons of the grantor. There is the issue of whether or not there had been a legal and valid delivery; also, what was the effect of the restrictive provisions contained in said deeds.

II. Plaintiffs argue that the court erred in not establishing their right, title and interest in the real estate conveyed to them wherein they were the grantees to a certain forty-acre

tract. We do not find that there is any controversy over such deed. Defendants are not making any claim adverse to them in said tract, and we think it was entirely proper for the court to make no finding or decree thereon. It seems to be the theory of plaintiffs that if the deeds to the sons are held to be of no validity, then all of the land conveyed would go to the children share and share alike. If the court should find that the three deeds to the sons were invalid and the grant of the forty acres to the plaintiffs be not disturbed, certainly no prejudice would ensue to them. Their rights were fixed by the instrument which conveyed the forty acres to them.

█ III. Of the questions raised in this appeal the principal one is: Were the three deeds from J. F. Johnston to his sons, Mark, Theodore and Floyd delivered during the lifetime of the grantor? This is a fact question. Delivery is essentially a fact question of intention on the part of the grantor. It may be effected by acts without words, or by words without acts, or by both words and acts. Arndt v. Lapel, 214 Iowa 594, 243 N.W. 605.

█ This court has held that a presumption of delivery arises from recording. Dyson v. Dyson, 237 Iowa 1285, 25 N.W. 2d 259; Hilliard v. Hilliard, 240 Iowa 1394, 39 N.W.2d 624; Klein v. Klein, 239 Iowa 40, 29 N.W.2d 163; Gilmer v. Neuenswander, 238 Iowa 502, 28 N.W.2d 43; Collins v. Smith, 144 Iowa 200, 122 N.W. 839.

In considering the question of the intent of grantor his acts and statements are to be given careful consideration. Dolph v. Wortman, 185 Iowa 630, 168 N.W. 252; Kyle v. Kyle, 175 Iowa 734, 157 N.W. 248.

█ On October 26, 1942, grantor went to an attorney and there had prepared the deeds in controversy. So far as the record shows these conveyances disposed of all of his real estate. He filed them for record about a week later and took them home with him. They were in his possession at the time of his death. Approximately four years later (August 27, 1946) grantor executed his last will and testament. Paragraph four (4) heretofore set forth makes reference to his real estate and what disposition he had made of it. The record further shows that shortly after the deeds in question were executed grantor stated to one Frank

Johnston that he had given the land in question to the grantees and said that he did so "because the girls had gotten other property." Later he told the same witness that if he had not already given the land to the boys he would change it as to Floyd, but he could not change it. The statements of the decedent as testified to by Frank Johnston were objected to under the dead man statute. Section 622.4, Code of 1950. There is nothing in the record which would in any way indicate that the objection had any merit to it. In paragraph 5 of his will decedent bequeathed the remainder of the personal property to plaintiffs. At his death he left personal property to plaintiffs which was appraised at approximately $16,000. After his death, the three farms deeded to Mark, Theodore and Floyd were appraised at $60,000. The forty-acre farm was appraised at $1000. Plaintiffs argue that such inequality calls for application of equitable principles. Even if there is merit to the argument it must be kept in mind that since the deeds were made there has been a marked increase in land values—in some cases more than one hundred per cent.

We hold that the trial court did not err in holding that the three deeds in controversy were delivered and that grantees took valid title to the real estate conveyed therein.

IV. Plaintiffs argue that the restrictions in the three deeds render them invalid and that the court erred in holding such restrictions void. The restrictions were against mortgage by the grantees, with a provision that the premises conveyed shall not be liable for past or future debts of the grantees.

We do not think the trial court erred in so holding. There was no right of reversion set forth in any of the conveyances—no penalty in case there was a mortgage made or an attempt to subject the land conveyed for past or future debts of grantees. The granting clause conveyed a fee title to each grantee, subject to the reserved life estate. The conditions set forth in the deeds in question are certainly repugnant to the granting clause and we think the court correctly held that under the record such were invalid.

As sustaining the holding of the trial court, we call attention to our holding in McCleary v. Ellis, 54 Iowa 311, 313, 317, 6 N.W. 571, 574, 37 Am. Rep. 205. In that case certain real estate

was conveyed to a person and in the conveyance we find the following: " 'It is expressly understood that he [a son] shall not part with it nor sell it, nor shall any person sell it for him or for debts whatsoever.' "

Following a careful review of the authorities beginning with 4 Kent's Com. 203, and from other authorities, this court (Day, J.) said: "We have no hesitancy in holding, in view of the authorities above-quoted, and others that might be referred to, that the conditions in this deed against alienage and liability for debts are void." The holding above-quoted was expressly approved in the case of Davidson v. Auwerda, 192 Iowa 1338, 186 N.W. 406, in which case numerous authorities approving such doctrine are likewise set forth: In re Estate of Ogle, 146 Iowa 33, 124 N.W. 758; Teany v. Mains, 113 Iowa 53, 84 N.W. 953; Mandlebaum v. McDonell, 29 Mich. 78, 18 Am. Rep. 61; Hess v. Kernen Bros., 169 Iowa 646, 149 N.W. 847; Glenn v. Gross, 185 Iowa 546, 170 N.W. 783. See also Bogenrief v. Law, 222 Iowa 1303, 271 N.W. 229; Sisters of Mercy v. Lightner, 223 Iowa 1049, 274 N.W. 86. The imposition of restraints as set forth in the deeds of grantor conflicts with the previous grants of an absolute interest and we hold that such are invalid—they might be termed directions, but are of no binding force and effect.

V. The plaintiffs argue at length that as the three deeds by grantor to the sons recited that "this is a gift deed" the recital makes it a gift inter vivos and that the court erred in holding that there was a fee simple conveyance in each. The trial court made no mention of the conveyances being gifts inter vivos, simply holding that each of the three conveyances was valid and binding on all parties.

As the court specifically held, and we think correctly, each of the deeds conveyed a fee title to the grantee, and we see no necessity of going into the question as to whether the deeds were gifts inter vivos or otherwise. Suffice it to say that the grantor by such deeds conveyed to his sons a present fee title reserving a life estate with control and possession until his death. Nothing could be clearer from the record. Each deed recites the consideration. It is quite possible that the gift recital was to avoid the using of revenue stamps on the conveyance. The grantor intended to part with the fee—his acts and words as

118

hereinbefore set forth clearly show such intention. The deeds were beneficial to grantees and it is hardly necessary to cite authorities on the point that beneficial gifts are presumed to be accepted. These conveyances as between grantors and grantees were binding and irrevocable. The lands conveyed were valuable. Assuming that the deeds were gifts, the acceptance of a beneficial gift is presumed. Gottstein v. Hedges, 210 Iowa 272, 228 N.W. 93, 67 A.L.R. 1218; Kneeland v. Cowperthwaite, 138 Iowa 193, 115 N.W. 1026; In re Estate of Bell, 150 Iowa 725, 130 N.W. 798; Vosburg v. Mallory, 155 Iowa 165, 135 N.W. 577, Ann. Cas. 1914C 880. See also Pyle v. East, 173 Iowa 165, 155 N.W. 283, 3 A.L.R. 885; Schollmier v. Schoendelen, 78 Iowa 426, 43 N.W. 282, 16 Am. St. Rep. 455; 38 C. J. S., Gifts, section 88.

We see no merit to claim of plaintiffs that the court erred in holding that the conveyances of grantor to his sons were complete and conveyed a present interest subject to the life estate and control by grantor.

Some other matters are argued, but we think the above disposes of the controlling issues. We hold that the decree of the learned trial court was correct and it is affirmed.—Affirmed.

All JUSTICES concur.