CASE 2—PETITION EQUITY—MARCH 10.

## Baskett v. Sellars, &c.

### APPEAL FROM HENDERSON CIRCUIT COURT.

CONSTRUCTION OF DEED—LIFE ESTATE.—A conveyance by a father to his son and daughter in consideration of love and affection, habendum: "To have and to hold to them, my said daughter and son, and their children forever," creates in the son and daughter merely a life estate, remainder to their children.

HENRY F. TURNER FOR APPELLANT.

The word "children," as used in the deed presented for construction by the court, is a word of purchase and not of limitation. (1 Bouvier's Law Dictionary, "Habendum;" 4 Kent, 468; Webb, &c., v. Harris, &c., 3 B. M., 404; Carr and Wife v. Estill, 16 B. M., 308; Johnson v. Johnson, &c., 2 Met., 331; True v. Nicholls, 2 Duv., 547; Cessua, &c., v. Cessua's Adms'r. &c., 4 Bush, 516.)

YEAMAN & LOCKETT, MONTGOMERY MERRITT for APPEL-LEES.

The word "children" was used in the deed in the sense of heirs; but if not so used the *habendum* is inconsistent with the granting clause, and where there is such an inconsistency the granting clause controls. (Ratliffe v. Marrs, 87 Ky., 28; 5 Am. and Eng. Encyclopedia of Law, pp. 456 and 457; Henderson v. Mack, 82 Ky., 379.)

The case of Bodine's Adms'r v. Arthur, &c., 91 Ky., 53, commented on.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

A. H. B. Farly executed mortgages to the appellees on the tract of land in controversy. The fee-simple title of the land was sold by the Commissioner of the Henderson Circuit Court pursuant to a judgment of that court fore-closing said mortgages. The appellant purchased said land at the decretal sale. He filed exceptions to the report of sale, disclosing the fact that the mortgagor, A. H. B. Farly, owned only a life estate in said land, remainder to any children that she might have.

The granting clause in the deed under which A. H. B. Farly held said land, is: "For and in consideration of natural love and affection the said party of the first part (the father) has for his daughter, the said A. H. B. Farly, and his son, T. L. Farly, parties of the second part, the party of the first part has this day sold, and by these presents doth grant, bargain, sell and convey to the parties of the second part, the following described land," etc. The habendum is: "To have and to hold to them, my said daughter and son, and their children forever," etc.

It is contended that the habendum, limiting the estate to the children of the vendees, is repugnant to the grant-ing clause, which conveys to the grantees a fee-simple title; and such repugnancy renders the limitation in the habendum void; and the fee-simple estate granted by the granting clause is unaffected by the habendum.

Now, the granting clause contains no words of inheritance. But section 7, article 1, chapter 63 General Statutes, provides that "unless a different purpose appear by express words or necessary inference, every estate in land, created by deed or will, without words of inheritance, shall be deemed a fee-simple, or such other estate as the grantor or testator had power to dispose of." The statute, *supra*, creates, when words of inheritance are omitted, by implication, a fee-simple estate, unless a "different" purpose "appear by express words or necessary inference." If the implication which arises by virtue of the statute, *supra*, is controlled by "express words or necessary inference," there can be no repugnancy. But suppose the habendum is repugnant to the implied fee-simple grant, and it appears from the deed that the grantor intended that the habendum should control, then it is clearly settled by this court that the habendum must control, for the simple reason that the grantor intended the language of the deed to have that effect. For where it appears that the grantor, by "express words or necessary inference," intended to control or limit the implied grant of a fee-simple title, although such words or necessary inference appear in the habendum, the habendum must be permitted to have the effect intended, else the statute, *supra*, will not be allowed to have the meaning that its language naturally imports. (See Bodine's Adm'r v. Arthur, &c., 91 Ky. 53.)

We certainly see no conflict between the case at bar and the case of Ratliffe v. Marrs, 87 Ky., 28. But if there be a conflict in the principles announced, when it is remembered that the Ratliffe case was decided on a state of fact exisiting in 1848, and by the law then in

force, and this case is decided under the General Statutes, *supra,* there is no conflict except such as arises from the change made by statute.

It is contended that the grantor used the word " children " in the sense of. " heirs," consequently the grantees took a fee-simple estate. But there is nothing in the deed indicating that the grantor used the word " children " in the sense of heirs. The word was evidently used in its popular sense, and as indicating the desire of the grantor (really donor) to provide for his two children and their children (his grandchildren), should they have any children. Hence, he used an appropriate word to express that intention. The word children has its meaning, as well as the word heirs, which is a word of purchase which should control the granting clause where it appears to be so intended, even though used in the habendum. Here the children are not mentioned in the granting clause, but only in the habendum, and the rule is well settled in such cases that the grantee takes a life estate only, and the children take a remainder interest. (See the Bodine case, *supra,* and the case there cited.)

A. H. B. Farly only took a life estate.

The judgment is reversed with directions for further proceedings consistent with this opinion.