# UTTER et al. v. SIDMAN et al., Appellants.

### Division One, November 26, 1902.

1. **Suit to Ascertain Interest In Land.** Under the statute of 1897 the children of a living female grantor may bring suit to have determined what interest the grantee in possession took by a deed from her, and what interest they themselves have in the land. And the question at issue in this case was whether the deed under which the grantor claimed title created a life estate in her with remainder to her bodily heirs or granted her an absolute fee simple.

2. **Conveyances: INTENTION OF MAKER: MISSOURI RULE.** The old rule for the interpretation of conveyances was that "if there be a repugnancy, the first words in a deed, and the last words in a will, shall prevail." The grantor was required to express his intention in set and technical language and at the proper place and in the right order and clause of the deed. Failing to do that the courts took what he first said as conclusively expressing his intention, and discarded everything else as void for repugnancy. But the Missouri rule is that the intention of the grantor as gathered from the four corners of the instrument is the pole star of construction. That intention may be expressed anywhere in the instrument and in any words, and the courts will enforce it, no matter in what part of the instrument it is found.

3. ————: **FEE SIMPLE IN PREMISES: REPUGNANT HABENDUM.** Under the old rule, a grant in general terms in the premises to a grantee therein named, with words of limitation or qualifying words in the habendum, was held to create a fee simple in the grantee named, and the words of limitation in the habendum were rejected for repugnancy, because the requirement was that "the first words in a deed must prevail." But that rule in Missouri is now discarded, and the rule now is that unless there is necessary repugnancy between the premises and the habendum, the qualifying words of the habendum will be held to lessen, enlarge, explain or qualify the estate granted in the premises, and may be looked to in order to ascertain the intention of the grantor. So that, where the premises "grant, bargain and sell" to a named grantee, and the habendum is to her and "her bodily heirs," the qualifying words will not be held to be necessarily repugnant to the premises, but to explain the estate by the premises granted to mean a life estate in the grantee named, with a remainder in her children.

4. ———: ———: ———: TO BODILY HEIRS.  The premises were, "grant, bargain, sell and convey" unto a named grantee, and the habendum was to her and "her bodily heirs."  *Held*, to have created a life estate in the grantee named, with remainder in' her bodily heirs.

5. ———: STATUTORY CONSTRUCTION: CONTINGENT OR VESTED REMAINDER: RIGHT TO COMPLAIN.  Where the defense, in a suit under the statute to ascertain the interest of plaintiffs in a tract of land, is that defendants took a fee simple, and the judgment is that they took only a life estate, the judgment will not b'e disturbed because it does not determine whether the estate reserved to the grantor's heirs was a vested or' contingent remainder.  As the grantees of the life tenant took nothing but their grantor's life estate, it is immaterial to them whether the grantor's heirs are contingent or vested remaindermen.

6. ———: ———: POSSIBILITY OF ISSUE EXTINCT.  For the same reason it is immaterial to such grantees whether the living female grantor is of such age that the possibility of having further heirs of her body is extinct or not.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville*, Judge.

AFFIRMED.

*James Baker* and *Edw. J. White*' for appellants.

(1) To determine the estate conveyed the intention of the parties must be gathered from the language used in the whole instrument.  Walton v. Drumtra, 152 Mo. 489.  (2) Under the Missouri statute, sections 907 and 4590, and the language employed, the granting clause of this deed conveys the fee-simple title to the land described.  Green v. Sutton, 50 Mo. 192.  A deed which creates in the grantee an absolute power of disposition to the land granted, conveys the fee of the tract.  Green v. Sutton, supra; Jackson v. Robbins, 16 Johns. 288; Tremmel v. Kleiboldt, 6 Mo. App. 549; English v. Beehle, 32 Mo. 186; Jecko v. Tausig, 45 Mo. 167; Fanning v. Doan, 128 Mo. 323; Walton v. Drumtra, supra; Johnson v. Morton (Tex.), 67 S. W. 790; Ray v. Spears (Ky.), 64 S. W. 413; White v. Deadman

(Tex.), 57 S. W. 870; Brien v. Robinson (Tenn.), 52 S. W. 802; Parker v. Cook, 159 Ill. 300.   (3). The inconsistency in the language of the habendum clause, arising from the use of the word "assigns," which clearly contemplates a power of disposition and supports the granting clause, and the words of limitation, "bodily heirs," which would create a remainder and preclude the exercise of the power contemplated in the same clause of the deed, is, of itself, sufficient to give effect to the clear and unambiguous terms of the granting clause.   (4) But since the granting clause conveys the fee, even if the habendum did clearly contain a limitation over, it would be void, as "any subsequent limitation, where the granting clause conveys the fee, is void."   Green v. Sutton, 50 Mo. supra; Parker v. Cook, supra; Walton v. Drumtra, supra.   (5)   The words of limitation appearing in the habendum, being repugnant to both the granting clause and the warranty clause, should be entirely rejected.   Major v. Bukley, 51 Mo. 232; Hunter v. Patterson, 142 Mo. 320; 3 Wash. Real Prop. (4 Am. Ed.), top p. 241, sec. 7; Tiedeman, Real Prop., sec. 844; 4 Kent's Com., sec. 5, p. 468; Coleman v. Clark, 80 Mo. App. 339; Donnon v. Printing Co., 70 Mo. 168.

*White & McCammon* for respondents.

(1) The words "bodily heirs," are synonymous with "heirs of the body," and when used in a deed create an estate tail, which by our statute is converted into a life estate in the grantee named, with remainder in fee to his or her children.   Wagner's Statutes 1872, 1351, secs. 4 and 6; R. S. 1899, secs. 4592, 4594; Clarkson v. Clarkson, 125 Mo. 381; Clarkson v. Hatton, 143 Mo. 47; McGinnis v. McGinnis (Ky.), 29 S. W. 333; Wilmers v. Robinson (Ark.), 55 S. W. 950; Hunt v. Searcy, 167 Mo. 158.   (2) Under the common law rule the premises, which includes the granting clause, effectuates the grant of the property described, while it is the office of the habendum to define and limit the es-

tate granted.   The premises defines the quality, extent and character of the property granted, and the habendum defines the estate which the grantee takes in that property.   While under modern rulings the habendum is unnecessary to make a conveyance effectual and might be omitted altogether; nevertheless, when it is used to define the estate granted, it must be given effect.   Thus: (a)  When there is no limitation in the premises, and the habendum limits to the grantee and heirs of his body, the grantee will have life estate with remainder to his children.  The limitation in the habendum prevails, not being repugnant to the grant.   (b) Where there is a general limitation in the premises and a special limitation in the habendum, there is no repugnance, and the latter prevails. (c) A party not named in the grant may be ascertained from the habendum.  New parties may be introduced in the habendum to take by way of remainder. 3 Wash. Real Prop. (5 Ed.), p. 466, secs. 60, 61, 62; Devlin on Deeds, secs. 216, 219, 220; Tiedeman on Real Property (2 Ed.), sec. 844; Bean v. Kenmuir, 86 Mo. 666; Bone v. Tyrrell, 113 Mo. 175; Davidson v. Manson, 146 Mo. 608; Rozier .v. Graham, 146 Mo. 352; Hunter v. Patterson, 142 Mo. 310; Linville v. Greer, 165 Mo. 380; Montgomery v. Sturdevant, 41 Cal. 290; Basket v. Sellers (93 Ky. 2), 19 S. W. 9; Bowdine v. Arthur (91 Ky. 53), 14 S. W. 904; Carson v. Carson, 60 Ind. 334; Riggin v. Lowe, 92 Ind. 553; Blair v. Osborne, 84 N. C. 417; Downing v. Birney (Mich.), 70 N. W. 1006; Barrett v. Barrett (Cal.), 37 Pac. 1049; 9 Am. and Eng. Ency. Law (2 Ed.) p. 139. (3) A deed, in order to create in the grantee a power of disposition which would defeat a limitation over, must do so in express and definite terms.   The term "assigns" after the words "to Frances A. Clark and her bodily heirs" is altogether insufficient for the purpose.   Hunt v. Searcy, supra; Bean v. Kenmuir, supra; Davidson v. Manson, 146 Mo. 617; Reed v. Lane, 122 Mo. 311; Walton v. Drumtra, 152 Mo. 489; Hunter v. Patterson, supra.

MARSHALL, J.—This is a proceeding under the Act of 1897 (Laws 1897, p. 74), being now section 650, Revised Statutes 1899, to have adjudicated the rights of the parties in respect to a certain tract of land, containing one and three-fourths acres, in the city of Springfield. The plaintiffs are the only children of Frances A. Leedy, who is now sixty-five years of age and alleged to be beyond the possibility of having other issue of her body, and the defendants are in possession of the land claiming title from Mrs. Leedy, by a deed which purported and attempted to convey the fee. The case calls for the construction of a deed to the property which is as follows:

"Know all men by these presents: That I, James A. McCullah and I. A. McCullah, his wife, of the county of Stone, in the State of Missouri, have this day, for and in consideration of the sum of three thousand dollars to the said James A. McCullah in hand paid by Frances A. Clark, of the county of Polk, in the State of Missouri, granted, bargained and sold, and by these presents do grant, bargain, sell and convey unto the said Frances A. Clark, the following described tracts or parcels of land, situated in the county of Greene, in the State of Missouri, that is to say: Beginning at a point 607 feet north of the southwest corner of the northwest quarter of the northwest quarter of section 13, township 29, range 22, thence north 135 feet, thence east 25 rods, thence south 135 feet, thence west to the place of beginning; containing one acre and three-fourths of an acre, more or less.

"To have and to hold the premises hereby conveyed, with all the rights, privileges and appurtenances thereto belonging, or in anywise appertaining, unto the said Frances A. Clark and her bodily heirs and assigns, forever, I, the said James A. McCullah, hereby covenanting to and with the said Frances A. Clark, her heirs and assigns, for herself, her heirs, executors and administrators, to warrant and defend the title of the premises hereby conveyed, against the claim of every person whatsoever.

"In testimony whereof we have hereunto subscribed our names and affixed our seals this 28th day day of February, 1873.

"JAMES A. McCULLAH, (Seal.)
"I. A. McCULLAH, (Seal.)"

The petition set out the deed and the facts here stated and asked that the court ascertain and determine the estate, title and interest of each of the parties and decree to each his interest therein. The defendants demurred generally. The court overruled the demurrer. The defendants refused to plead further, judgment was rendered decreeing to defendant Rebecca Sidman a life estate in the premises and to the plaintiffs as tenants in common the remainder in fee simple. From this judgment the defendants appealed.

I.

This action is maintainable under the Act of 1897, without regard to the nature of the estate or interest claimed by the plaintiffs, and without regard to whether that interest be legal or equitable, certain or contingent, present or in reversion, or in remainder, or whether the plaintiffs are in possession or not, or whether the plaintiffs are entitled presently to possession or not. Such is the object and the effect of the statute. [Meriwether v. Love, 167 Mo. 514.]

II.

The defendants pointedly state their position as follows:

"The different parts of the deed, as set out in the petition, show the following inconsistent clauses, i. e., first, the granting clause uses the words 'grant, bargain and sell,' and grants, without limitation, an estate in fee simple; second, the habendum clause, while apparently attempting to limit the estate in fee granted by the granting clause, by the use of the words 'bodily heirs,' also defines the estate as one to be held by the grantee and her 'assigns,' and, third, the warranty

clause warrants the title in the said grantee, 'her heirs and assigns, for herself, her heirs, executors and administrators,' 'against the claim of every person whatsoever,' thereby covenanting to defend the fee simple estate granted, in the granting clause, to the grantee.

"The defendants demurred to the amended petition and in the argument thereof claimed that the granting clause, under the statute, conveyed the fee simple estate; that the attempted ambiguous limitation in the habendum clause was void, because inconsistent with the granting clause; that there could be no limitation after a fee; that the apparent limitation was inconsistent with the absolute power of disposition recognized in the same clause where the words of limitation were used, and that the warranty clause supported the granting clause and was absolutely inconsistent with the habendum, in covenanting to defend, in the grantee and her heirs and assigns, the unlimited estate granted in the premises."

On the other hand, the contention of the plaintiffs is that there is no repugnance between the several clauses of the deed; that the granting clause and the habendum clause can be construed together and made to harmonize, by construing the granting clause to convey only a life estate to Mrs. Clark, and the habendum clause as conveying a remainder in fee to her bodily heirs; that the intention must be "gathered from the four corners of the instrument," and that while in cases of necessary repugnance between the premises and the habendum in a deed, the habendum must give way, still the habendum may lessen, enlarge, explain or qualify the estate granted in the premises; that while the habendum is no longer essential, still when employed it may be looked to in order to ascertain the intention of the grantor; that the term "assigns" employed in the deed, may as properly be construed to mean the assigns of Mrs. Clark's bodily heirs, as it may be to mean Mrs. Clark's assigns, but that in no event can the use of that term define or enlarge the estate granted to Mrs. Clark.

*Per contra* the defendants reply by saying that the term, "her bodily heirs," is inconsistent with three-fourths of the other clauses in the deed and as the granting clause conveys the property to Mrs. Clark, and as the habendum clause is to "assigns" and as the warranty clause also embraces "assigns" it must follow that Mrs. Clark took a fee simple and the term "her bodily heirs" must give way.

Devlin on Deeds (2 Ed.), vol. 1, sec. 214, thus states the rule: "Where proper words of limitation are employed in the granting clause, there is no benefit to be obtained by the habendum. Where there is a repugnance between the words expressing the grant and the habendum concerning the estate the grantee is to take, the rule governing the construction of all contracts will be applied, and effect will be given to both clauses if possible. Yet where there is a definite limitation in the words of the grant, and there is a conflict between them and the habendum, the latter must yield. If it appears from the whole instrument that it was intended by the habendum clause to restrict or enlarge the estate conveyed by the words of grant, the habendum clause will prevail."

Lord Coke contends that the habendum could enlarge but not abridge the estate granted by the granting clause. [2 Coke Litt., 299a.] In Mississippi, Pennsylvania and Canada it is held that a fee granted in the premises can not be cut down by the habendum to a life estate. [Robinson v. Payne, 58 Miss. 690; Moss v. Sheldon, 3 W. & S. (Pa.) 160; Berridge v. Glassey, 112 Pa. St. 442; Owston v. Williams, 16 U. C. Q. B. 405.] It has also been held that where by the premises a fee is granted to one person, and by the habendum the fee is granted to a different person, the habendum is void. [Hafner v. Irwin (4 Dev. & Bat.), 20 N. Car. 433.] But it has also been held that where by the habendum the grant to a person different from the person named in the premises, was not immediate but was by way of remainder, there was no repugnancy between the premises and the habendum and the grant

would be construed to be a life estate to the person named in the premises, with a remainder in fee to the person named in the habendum. [Brooks v. Brooks, Cro. Jac. 434; Spyre v. Topham, 3 East 115; Berry v. Billings, 44 Me. 416; Irvin v. Longworth, 20 Ohio 581; Blair v. Osborne, 84 N. Car. 417; Sheppard's Touchstone, 151.]

Where a husband, by means of a third person, conveyed the title to land to his wife in fee simple, habendum to the wife during widowhood, remainder in fee to the heirs of the grantor, it was held, construing the instrument in the light of the surrounding circumstances, that the intention of the grantor was to make provision for his wife during her widowhood and for the education and maintenance of his infant son by her, and that to effectuate the intention of the grantor, the limitation of the estate in the habendum would prevail over the conveyance in the premises, so that the wife took a mere estate during her widowhood, which was forfeited by her second marriage. [Whitby v. Duffy, 135 Pa. St. 620.] To the same effect are the cases of Barnett v. Barnett, 104 Cal. 298; Powers v. Hibbard (Mich.), 72 N. W. 339, and Fogarty v. Stack, 86 Tenn. 610.

Devlin on Deeds (2 Ed.), vol. 1, sec. 219, says: "Where there is no repugnance between the granting clause and the habendum, a party not named in the former may take the deed if named in the latter. Thus, there is no repugnance between the two clauses when the party who is to take is not named in the grant, but may be ascertained from the habendum. A person who is not named in the premises as a grantee may take by way of remainder, but where the grant is to one person, the habendum can not be operative when it is to him and another to take as joint tenants or tenants in common. In a case of that character the habendum would be at variance with the grant. Where the premises contain a complete grant, the habendum can not have the effect of defeating or curtailing the estate granted." And in section 220 the author adds: "While

the habendum can not abridge an estate granted, yet where the granting clause does not mention the estate conveyed, the habendum may have the effect of declaring the intention, and may overcome any presumption that in its absence would properly arise from the defect in the preceding clause. But it is to be understood that the habendum, when irreconcilable with the granting clause, is to be rejected, and is to affect the grant only when it can be construed as consistent with the premises."

Washburn on Real Property (5 Ed.), vol. 3, p. 458, says, "If, however, the person who is to take is not named in the grant, he may be ascertained if named in the habendum. . . . A stranger to the deed may take by way of remainder, though not named in the premises."

So it has been held that where the premises grant a fee simple and the habendum limits the fee to begin *in futuro,* which can not be done at common law, the fee vests immediately and the habendum is void. [Carter v. Madgwick, 3 Lev. 339; Germain v. Orchard, Skin. 528, 1 Salk. 346, Show. P. C. 199.]

But in the recent case of Murphy v. Gabbert, 166 Mo. l. c. 601, it was held that although the premises contained the words "grant, bargain and sell," still, as this clause was followed by a clause declaring that it was the intention of the grantor that the deed was not to take effect until her death, the instrument was a will and not a deed.

Numberless other cases could be cited bearing upon the questions here involved, but the foregoing are sufficient to illustrate the intricacies, the pitfalls and the obstacles that the conveyancers of olden times encountered, and that the courts had to grapple with. They are interesting and instructive, but they are not all-controlling nowadays. Then great care was observed to confine to each part of a deed its assigned function. The several parts of the instrument were given an important and controlling meaning, and the place in the instrument where the meaning of the

testator was to be expressed was considered of the gravest importance. The premises included all that was contained in the deed preceding the habendum, and embraced the names of the parties, such recitals as were deemed necessary, the consideration and the description of the property. Then followed the habendum, the tenendum, the reddendum, the conditions, the warranty, the covenants, and the conclusion. [1 Devlin on Deeds (2 Ed.), sec. 176.] No one provision was allowed to impinge on the province of another. The general rule was that "if there be a repugnancy, the first words in a deed, and the last words in a will, shall prevail." [Sir JAMES MANSFIELD, C. J., in Doe v. Biggs, 2 Taunt. 113.]

In short, that a grantor might convey as he pleased and his intention and wishes would be observed by the courts, but with this qualification, that he must express his intention in set and technical language and at the proper places and in the right order and clause of the deed. Failing so to do, the courts did not feel called on to bother about his intention, but took what he said first as expressing conclusively his intention and discarded everything else as void for repugnancy. Such a rule of construction made it almost impossible for any one except a very expert conveyancer to draw an instrument that would stand the test of the rule, and likewise made it very easy for the courts in construing complicated instruments, but it is not so clear that the real intention of the grantor was ascertained or effectuated.

The modern rule, which prevails in this State, is much simpler and much more calculated to carry out the wishes of the grantor. The intention of the grantor, as gathered from the four corners of the instrument, is now the pole star of construction. That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it, and the court will enforce it no matter in what part of the instrument it is found. Under our statute the words "grant, bargain and sell" in a

conveyance, cover the modern covenants of title without expressly enumerating them. [Sec. 907, R. S. 1899.] So, too, our statute, section 4590, Revised Statutes, 1899, provides: "The term 'heirs,' or other words of inheritance, shall not be necessary to create or convey an estate in fee simple, and every conveyance of real estate shall pass all the estate of the grantor therein, unless the intent to pass a less estate shall expressly appear, or be necessarily implied in the terms of the grant."

In the case at bar the premises were, "grant, bargain and sell unto the said Frances A. Clark." The habendum was, "Unto the said Frances A. Clark and her bodily heirs and assigns forever." The warranty was to "Frances A. Clark, her heirs and assigns." From this it is argued that by the premises Mrs. Clark took under our statute a fee simple, which could not be cut down by the habendum clause to an estate for life, under our statute, with a remainder in fee to her bodily heirs.

Prior adjudications in this State are pertinent.

In Bean v. Kenmuir, 86 Mo. 666, the premises were, "Grant, bargain and sell unto the said party of the second part for her sole use and benefit." The habendum was, "To the said party of the second part, her heirs and assigns forever, and in case of the death of the said party of the second part, then the said property, with all the rights and privileges therein, shall pass to the husband" of the grantee. The premises, therefore, conveyed a fee simple estate under our statute, and the habendum cut down that estate to a mere life estate in the wife, with a remainder in fee in the husband. It was held that such was the effect of the deed, and further that the use of the term "assigns" did not enlarge the estate of the wife and only gave her the right to sell her life estate.

In Bone v. Tyrrell, 113 Mo. l. c. 178, the will provided: "I also give and bequeath to my granddaughter the following real estate: . . . to have and to hold the same to her and her children, heirs of

her body forever." BRACE, J., delivering the opinion of this court, said: "The grant in the devise is to Elizabeth Bone, and standing alone under the statute would have been sufficient to pass the fee-simple title of the grantor to her (Revised Statutes, 1845, p. 219, sec. 2)" [which statutory provision is verbatim the same as sec. 4590, R. S. 1899, above quoted]; "but this grant being immediately limited by a habendum clause, 'to her and her children, heirs of her body forever,' had the effect of passing to her only an estate in fee tail under the statute of thirteenth Edward the First, which under the statute of this State became an estate for life in the said Elizabeth, remainder in fee simple to her children. Revised Statutes, 1845, sec. 5, p. 219"—which is now section 4592, Revised Statutes 1899.

The importance and scope of this case can not be exaggerated, especially in view of the old rule touching the matters decided. Let it be remembered that in England and formerly elsewhere, the rule was that if there was a repugnance between the premises and the habendum with respect to the person to take the grant or the nature and extent of the estate granted, the premises prevailed and the habendum was held void for repugnancy. It was only in cases where the extent and nature of the estate granted was not specified in the premises but the grant was general, that the habendum was permitted to explain and define the nature and extent of the estate granted. Thus the general rule that the habendum can not cut down the estate granted in the premises was held not to apply, because the grant in the premises being general and that in the habendum specific, it was held that there was no repugnancy, and hence both were allowed to stand. Having thus established what was held to be a consistent rule as to the estate granted, it took but little ingenuity to circumvent the other rule that the habendum could not introduce a new grantee other than that named in the premises, and so it was held that as the estate granted by the premises to the

grantee therein named was only an estate tail or life estate, and as the habendum had provided for the remainder in fee, it was consistent to permit the habendum to provide a grantee to take the remainder in fee. In this manner the inexorable old rule was circumvented instead of being modified or made more elastic. But notwithstanding all this it was still held that if the premises conveyed an estate which the law denominated a fee-simple estate to a grantee therein named, then no matter what the grantor said was his purpose or intention in any other subsequent clause of the instrument, and no matter if he afterwards in the same instrument said he did not intend to convey a fee-simple estate, still under the rule that "the first words in a deed must prevail," it was a fee and nothing else.

Now, it is in the light of these old rules, and the shifts and expedients and incongruities that these rules entailed and necessitated, that we must read the learned opinion in Bone v. Tyrrell, supra. And the first proposition that arrests the attention is that a grant in the premises in general terms to a grantee therein named, is under our statute a grant of a fee-simple estate. Under the old rules the qualifying words of limitation in the habendum would have been rejected for repugnancy. But not so now. The manifest intention of the grantor, as gathered from the four corners of the instrument, was effectuated, and that intention was held to be entitled to as much respect when expressed in the habendum as if it had been expressed in the premises.

Under the old rule, if the grant in the premises was to a named grantee and her "bodily heirs," it would be held to create an estate tail, or under our statute a life estate in the first taker with a remainder in fee to the bodily heirs. But under the decision in Bone v. Tyrrell, supra, the result is the same where no such provision is found in the premises, but is found in the habendum.

Bone v. Tyrrell, 113 Mo. 175, was quoted approv-

ingly and followed in Rozier v. Graham, 146 Mo. l. c. 360. In that case the premises conveyed the land to Sarah Stillwell. The habendum was, "To have and to hold the above described lot, with all the rights and privileges to the same belonging, unto the said Sarah Stillwell and the heirs of her body forever, with this express limitation that if the said Sarah Stillwell shall die without issue, then the title to the above lot to be vested in the mother of the said Sarah and the heirs of her body forever." The question was, what title Sarah Stillwell acquired. She claimed she had a fee-simple title. But this court, speaking through GANTT, C. J., looked beyond the premises to the habendum, and held that she had only what would have been a fee tail at common law, and not a fee simple.

In Hunter v. Patterson, 142 Mo. l. c. 313, the premises were, "Grant, bargain, sell, convey and confirm unto him the said party of the second part, ~~and his heirs and assigns forever~~"—a line being drawn as here shown through the words, "and his heirs and assigns forever." The habendum was "unto him, the said party and to his heirs and assigns forever." The covenant of warranty was "unto him the said party of the second part, his heirs and assigns." In this case ROBINSON, J., speaking for this court, said: "Standing alone, the granting clause proper in the deed as it was with the erasure, would pass the fee simple title to Joseph S. Hunter, but the grant being limited by the clause 'to said party of the second part and to the heirs of his body forever,' had the effect to convey to Joseph S. an estate in fee tail only, which, under the above cited statute, became an estate for life in Joseph S. Hunter, with the remainder in fee in his children; and such has been the general construction put upon similar instruments by this court in McCullock v. Holmes, 111 Mo. 445; Wood v. Kice, 103 Mo. 329; Reed v. Lane, 122 Mo. 311; Phillips v. Laforge, 89 Mo. 72; Charles v. Patch, 87 Mo. 463; Farrar v. Christy's Admrs., 24 Mo. 453; Bone v. Tyrrell, 113 Mo. 175; 6 Am. and Eng. Ency. Law, 879. While

the words of limitation usually appear in the habendum of the deed, it is not necessary that they should, provided they appear in some other part. [McCullock v. Holmes, supra; 3 Wash. Real Prop., 366, 367, 436; Kenworthy v. Tullis, 3 Ind. 96.] In the deed under consideration the words defining and limiting the estate conveyed are found in the premises in connection with and qualifying the granting clause and preceding the formal habendum. The habendum, like any other part of the deed, may be examined in construing the instrument so as to effectuate the intention of the parties, yet it is not an absolutely essential part of the deed, and in modern conveyancing is being abandoned and quite generally becoming obsolete. If the grant or premises in the deed contain words of limitation, nothing remains for the habendum to accomplish, and it may be dispensed with. So unimportant is the habendum that if repugnant to the limitation appearing in the premises it will be ineffectual to control the premises, and it may be rejected entirely when repugnant to or inconsistent with other clauses of the deed. [Major v. Bukley, 51 Mo. 227; 3 Wash. Real Prop., 337.] In Charles v. Patch, supra, the words of limitation were: 'To the said Elizabeth Charles and to the heirs of her body and their assigns forever.' RAY, J:, who wrote the opinion, held that she took an estate for life only. In 5 Am. and Eng. Ency. Law, 457, the rule is thus stated: 'If the limitation in one part is to A. and his heirs generally, and in the other part the estate is limited to A. and the heirs of his body [as in this case], the two descriptions of the estate are not necessarily contradictory, and the specific limitation will prevail over the general limitation. In such cases the estate granted will be an estate tail.' [Citing numerous authorities approving that rule of construction.] Here the grant in the premises is to Joseph S. Hunter, with specific limitations 'to the heirs of his body,' while in the habendum it is to him and his heirs generally. Under the authorities above cited the latter

clause of the habendum must give way to the former clause of the premises, and the deed construed as creating a life estate in Joseph S. Hunter, with remainder to his children, the plaintiffs herein. By this construction, meaning and effect is given to all parts of the deed in consonance with the canons of construction before mentioned, so that the deed takes effect in the manner contemplated by the parties thereto. The authorities cited by counsel for defendants are not in conflict with the views here expressed.''

So that the terms of the granting clause, to A. and his heirs and assigns, was held not to overcome the habendum to A. and the heirs of his body, on the ground that the premises were general, while the habendum was specific or limited.

Thus it will be seen that even though the granting clause be by words which, standing alone, under our statute, create a fee simple, in a named grantee, still if the intention of the grantor, even though expressed in the habendum, is clear that a lesser estate is intended to be granted to such person and the fee is intended to go in remainder to a person named in the habendum—but not in the premises—such intention will be carried out.

The meaning and extent of the rule in this State is further illustrated in the following cases:

In Davidson v. Manson, 146 Mo. l. c. 612, the premises were, ''Give, grant, bargain, sell and convey unto the said Charlotte B. Davidson and her heirs and assigns.'' The habendum was, ''To have and to hold the above granted and bargained premises, with the appurtenances thereof to the said Charlotte B. Davidson, her heirs and assigns, in fee simple, *her natural life* to her own proper use and behoof.'' The warranty was, ''That I will, during her natural life, warrant and defend the title thereof to the said Charlotte B. Davidson, her heirs and assigns.'' It was held, per WILLIAMS, J., that Mrs. Davidson acquired only an estate for life, and that her heirs took the remainder in fee. It was also held that the term ''assigns'' did not en-

large the life estate of Mrs. Davidson, following in this respect Bean v. Kenmuir, 86 Mo. l. c. 671.

In Linville v. Greer, 165 Mo. l. c. 397, BURGESS, J., said: "But if there be a doubt as to the intention of the parties, the habendum clause which performs the office of defining, qualifying or controlling the granting clause when not in conflict with it, is an important factor in arriving at such intent."

The rule that obtains in this State is likewise the law in other jurisdictions, even where the old rule has not been entirely superseded by the modern, common sense rule: Downing v. Birney (Mich.), 70 N. W. 1006; Barnett v. Barnett (Cal.), 37 Pac. 1049; Montgomery v. Sturdivant, 41 Cal. 290; Basket v. Sellars, 93 Ky. 2; Carson v. McCaslin, 60 Ind. 334.

It follows that the deed in question granted to Mrs. Frances A. Clark an estate for life only, with a remainder in fee to the heirs of her body, the plaintiffs, and that the defendants acquired only Mrs. Clark's life estate, and the plaintiffs are the owners of the remainder in fee. The circuit court so declared and its judgment to this effect is correct.

The language of the judgment is criticised with respect to whether the judgment should declare the plaintiffs' remainder to be vested or contingent. But as the defendants have no interest except as grantees of the life estate of Mrs. Clark, it is not material to them or at this time whether the remainder is a vested or a contingent interest. For the same reason it is immaterial now, whether Mrs. Clark is at such an age that the possibility of having further heirs of her body is extinct or not. *Quoad* these defendants the judgment of the circuit court is right and it is affirmed.

The case of Utter et al. v. W. G. McLemore, No. 11232, involves the same questions as this case, and by stipulation of counsel was heard with this case, and it was stipulated that the same judgment should be entered in that case as in this. It is accordingly ordered

that the judgment of the circuit court in that case be also affirmed.   All concur.