## MILLER et al., Appellants, v. DUNN et al.

### Division Two, November 22, 1904.

**LIFE ESTATE: Remainder: Bodily Heirs: Habendum Clause.** A deed which in its granting clause contained no words of limitation in respect to the nature and character of the estate conveyed, and which clause standing alone clearly conveyed a fee simple to the grantee, by the habendum clause said it was unto the said grantee and the heirs of her body forever. *Held*, to have conveyed a life estate to the grantee named, with remainder in fee to her bodily heirs.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,. Judge.*

REVERSED AND REMANDED (*with directions*).

*C. C. Bigger* for appellants.

(1) A deed which conveys real estate to a grantee therein named and to the heirs of his or her body, at common law created an estate in fee tail, which, under

the statute of this State, is converted into an estate for life, in the grantee named, with remainder in fee simple to his or her children. R. S. 1899, sec. 4592; Bean v. Kenmuir, 86 Mo. 666; Phillips v. La Forge, 89 Mo. 72; Wood v. Kice, 103 Mo. 329; Emmerson v. Hughes, 110 Mo. 627; Reed v. Lane, 122 Mo. 311; Clarkson v. Clarkson, 125 Mo. 381; Clarkson v. Hatton, 143 Mo. 47; Hunt v. Searcy, 167 Mo. 158. (2) In construing a deed the rule is that the intention of the grantor, as gathered and ascertained from all parts of the instrument, shall be given effect. And, although by the premises or granting clause a fee simple is vested in the grantee therein named, yet by the habendum clause the estate thus granted may be limited to the life of the grantee named and the remainder vested, in fee, in a person designated in the habendum, though not named in the premises. While the habendum is no longer a necessary part of a deed, yet, when employed to qualify and define the granting clause, its provisions will be given effect, unless repugnant to or in conflict with the grant. If the premises or granting clause contain no limitation, and by the habendum the estate is limited to the grantee and the heirs of his body, the grantee will take a life estate with remainder in fee to his children; the limitation in the habendum, not being repugnant to the grant, will prevail. If the limitation in the granting clause is general, and the limitation contained in the habendum is special, the latter, not being repugnant, will prevail. By the habendum new parties may be introduced to take the remainder in fee. McCullock v. Holmes, 111 Mo. 446; Bone v. Tyrrell, 113 Mo. 175; Hunter v. Patterson, 142 Mo. 310; Rozier v. Graham, 146 Mo. 352; Davidson v. Manson, 146 Mo. 608; Utter v. Sidman, 170 Mo. 284. (3) The deed from William Belshe and wife to their daughter, Mary Louisa Barger and the heirs of her body, dated April 1, 1871, under the statute then and now in force vested in the grantee an estate for life in the premises conveyed, with remainder in fee in the

plaintiffs, her children. Mrs. Barger, the life tenant, being dead, plaintiffs are entitled to recover the premises sued for. G. S. 1865, p. 442, sec. 4; R. S. 1899, sec. 4592.

*West & Bresnehen* for respondents.

FOX, J.—This is a suit in ejectment, brought by the plaintiffs, who are the children of Mary Louisa Barger, deceased, against the defendant, William Dunn, to recover the south half of the northwest quarter of section 7, township 57, range 21, in Linn county, Missouri. The plaintiff, William V. Miller, is a son of Mary Louisa Barger by her former husband, Miller; the plaintiffs Jacob Barger, Elena Barger, John Barger and Louis Barger are minors, and by their curator, John R. Belshe, join with the other plaintiffs in prosecuting this suit. The petition, which is in the usual form, was filed on the sixteenth day of April, 1902, returnable to the May term, 1902, of the circuit court of Linn county. The suit was originally brought against the defendant William Dunn alone, he being in possession of the land as the tenant of his codefendants. The petition alleged January 2, 1902, as the date of ouster, claims damages in the sum of $100, and alleges the monthly value of the rents and profits of the premises to be $15. At the return term of the court James S. McNichols and Agnes C. McNichols, on their own motion, were made parties defendant, and filed their separate answer, which is a general denial except that they admitted the possession of the premises by their codefendant Dunn, as alleged in the petition; the defendant Dunn also filed a separate answer, which is a general denial except that he admitted that he had been and was in the possession of the premises, as alleged in the petition, claiming that he had been and was holding the same as tenant of his codefendants. On May 27, 1902, a trial of said cause was had before the court, a jury being waived. The facts, as developed by the evidence and admitted, are substan-

tially as follows:   William Belshe, the grandfather of
the plaintiffs, was the original patentee, from the United
States government, of the land in question, and was the
common source of title.   On April 1, 1871, said William
Belshe and his wife Hannah executed and delivered to
their daughter, Mary Louisa Barger, their deed, of that
date, conveying the land in question.   And it was agreed
at the trial that whatever right or title plaintiffs have
to the premises in question is derived through said deed
from their grandparents, Belshe and wife, to their
mother, Mary Louisa Barger.   At the time said deed
was made and delivered, Mrs. Barger had one child by
a former husband, the plaintiff William V. Miller.   It
was also agreed at the trial that the rental value of the
premises per year was $150, or $12.50 per month.   It
was further agreed that Mary Louisa Barger' was dead,
and that the plaintiffs were her children and her sole
and only heirs.   In the court below the plaintiffs claimed
the premises in question under the deed from their
grandparents, William Belshe and wife, to their mother,
Mary Louisa Barger, now deceased, and not by inheri-
tance, as heirs of their said mother.

The deed involved in this controversy was as fol-
lows:

''Know all men by these presents, that I, William
Belshe, and Hannah Belshe, his wife, of the county of
Linn, in the State of Missouri, have this day, for and in
the consideration of the sum of eleven hundred dollars,
to the said William Belshe, in hand paid by Mary Louisa
Barger, of the county of Livingston in the State of Mis-
souri, granted, bargained and sold, and by these pres-
ents do grant, bargain and sell unto the said Mary
Louisa Barger, the following described tract or parcel
of land, situated in the county of Linn in the State of
Missouri:   That is to say:   the south half of the north-
west quarter of section seven in township fifty-seven of
range twenty-one, containing seventy-four acres and
fifty-hundredths of an acre, more or less.

"To have and to hold the premises hereby conveyed, with all the rights, privileges and appurtenances thereto belonging or in anywise appertaining unto the said Mary Louisa Barger and the heirs of her body forever, I, the said William Belshe, hereby covenanting to and with the said Mary Louisa Barger, her bodily heirs, for himself, his heirs, executors and administrators, to warrant and defend the title to the premises hereby conveyed against the claim of every person whatsoever.

"In witness whereof, we have hereunto subscribed our names and affixed our seals, this first day of April, 1871.

his

"WILLIAM X BELSHE,          [SEAL.]

mark

her

"HANNAH X BELSHE.          [SEAL.]

mark."

At the close of the evidence offered by plaintiffs, defendant interposed a demurrer to the evidence, which was by the court sustained and judgment was rendered for defendants. From this judgment plaintiffs in due time and form prosecuted their appeal and the cause is now before us for consideration.

### OPINION.

This appeal presents but one legal proposition for our consideration, that is, the proper construction of the deed offered in evidence by plaintiffs.

The dispute is sharply presented. The appellants contend that the deed simply conveyed a life estate to Mary Louisa Barger, with remainder to these plaintiffs, who were the heirs of her body, and on the other hand it is contended by respondents that the instrument conveyed an absolute estate in fee. With commendable frankness of counsel presenting this cause, it is conceded that if only a life estate is conveyed by the deed

involved in this controversy, plaintiffs are entitled to recover, and if otherwise, an estate in fee was conveyed, the judgment was for the right parties and should be affirmed.

It will be observed upon examination of the instrument that we are called upon to construe in this cause, that the granting clause contained no words of limitation in respect to the nature and character of the estate conveyed and standing alone would clearly create a fee simple in the grantee. However, it is equally clear that the habendum clause, ''To have and to hold the premises hereby conveyed, with all the rights, privileges and appurtenances thereto belonging or in any wise appertaining unto the said Mary Louisa Barger and the heirs of her body forever,'' does limit the estate conveyed, and this limitation is emphasized in the warranty clause wherein it recites that, ''I, the said William Belshe, hereby covenanting to and with the said Mary Louisa Barger, her bodily heirs, to warrant and defend,'' etc.

The proposition confronting us upon the record in this cause is by no means a new one. It has frequently been in judgment before this court.

Applying the law as announced by the long and unbroken line of decisions by this court upon instruments involving the same question as is here presented, there can be no escape from the conclusion that the deed before us conveyed simply a life estate, with remainder to the heirs of the body of the grantee, and that the plaintiffs are entitled to recover. MARSHALL, J., in Utter v. Sidman, 170 Mo. 284, covers the entire field of discussion upon this proposition. The deed in that case calling for the construction of its terms by this court contained substantially the same provisions as the one in the case at bar.

After a clear and exhaustive review of all the authorities, giving all four corners of the instrument due consideration, it was ruled in that case that the deed

St. Louis v. Roe.

simply conveyed a life estate, with a remainder in fee to the heirs of the body of the grantee.

In view of so recent an announcement of the law clearly and fully covering the subject involved in this dispute, we feel that it would add nothing to the legal literature to repeat what has been so correctly and well said by the learned judge in the Utter-Sidman case.

The judgment in this cause is reversed and remanded with directions to the circuit court to enter judgment for the plaintiffs for the recovery of the possession of the real estate in suit, also for such sum of money as is conceded by the record in this cause to be the reasonable value of the rents and profits of the land in dispute.

*Gantt, P. J.*, concurs; *Burgess, J.*, absent.