JOHN H. GLENN et al., Appellants, v. WILMETTA ANN GROSS et al., Appellees.

**DEEDS:** Non-Conflicting Habendum and Granting Clauses. A habendum clause which provides:

(a) That the conveyance shall be nullified as to a grantee who sells the premises prior to the death of grantor;

(b) That the grantor retains the income, use, control, and possession during his lifetime; and

(c) That a named sum shall be a charge on the land and payable to a named person by grantee after grantor's death,— is not irreconcilable with or repugnant to a general granting clause which makes no pretense of defining the estate granted.

*Appeal from Dallas District Court.*—J. H. APPLEGATE, Judge.

FEBRUARY 19, 1919.

SUIT in equity to quiet title. The facts are fully stated in the opinion.—*Affirmed.*

*F. T. Van Liew,* for appellant.

*White & Clarke,* for appellees.

STEVENS, J.—This is a suit to quiet title, and involves the construction of a warranty deed, executed by P. F. and Malinda Jane Glenn, husband and wife, whereby they sought to convey the following real estate, to wit: the SW¼ and the SW¼ of the NE¼ and the S½ of the SE¼, all in Section 35; also the east 33⅔ acres of the SE¼ of the SE¼ of Section 34-79-27; also Lots 1, 2, 3, 4, 5, and the W½ of Lot 6 in Section 4-78-27, west of the 5th P. M., all in Dal-

las County, Iowa, to appellants and his brothers and sisters jointly, subject to certain provisions and limitations, as follows:

"This deed is made subject to a mortgage of fifty-two hundred dollars ($5,200.00) to the Equitable Life Insurance Company of Iowa, and the grantors reserve the right to extend or renew said mortgage as often as they may desire, or to remortgage said land to raise money to pay said mortgage if the mortgagee should refuse to extend the same. After the death of both the grantors herein, the grantees herein agree to assume and pay said mortgage (if not paid).

"This deed is made with the following express understanding and reservations:

"First. If any of grantees herein shall sell or shall convey, directly or indirectly, his, her, or their interest in the land herein conveyed before the death of both of the grantors herein, then and in that case the interests herein conveyed to him, her, or them so selling or conveying before the death of the grantors herein shall be and become the property of the grantors' other children not so selling or conveying in violation of the stipulations herein, and this deed shall be null and void in so far as the conveyance to him, her or they shall be sold or conveyed before the death of the grantors as above stated.

"Second. The grantors herein reserve the use, control, and possession of and the net income from said land both from the surface thereof and from the coal or other mineral rights and the right to lease said land and make coal or mineral leases for all or any part of said land; the intention of the grantors being to use and control said land as fully as if this deed had not been made; the reservations herein to cease at the death of both grantors herein.

"Third. The grantees herein shall pay to Cora Jane Poulsen and Charles Lewis Glenn the sum of eight hundred

dollars ($800.00) each, total sixteen hundred dollars ($1,600.00) after the death of both grantors herein, and before the title herein shall vest fully in the grantees. And if grantees fail or refuse to pay same, the land herein conveyed shall be liable therefor, and this deed hereby creates a lien at the death of both grantors herein against said land for the sum of $1,600.00, and said Cora Jane Poulsen and Charles Lewis Glenn or either of them or their heirs may proceed to collect the same, and in that event an action in equity may be begun to foreclose said lien, which shall be treated as a mortgage on said land, and foreclosed as a real estate mortgage."

Plaintiff John H. Glenn alleges in his petition that he has opportunity, and desire to convey his interest in the land described by warranty deed, subject to the life estate of Malinda Jane Glenn, who survives her husband, but that the restrictions in said deed against alienation cast a cloud upon his title, and he asks that same be quieted against the adverse claims, if any, of the defendants, except Malinda Jane Glenn. Defendant interposed a demurrer to plaintiff's petition, which the court sustained; and plain-tiff appeals.

In his argument, counsel for appellant treats the deed as conveying a fee title, subject only to the life estate reserved for the use and benefit of both the grantors, so long as either of them shall live, and the provisions, conditions, and limitations above quoted, as repugnant to the granting clause, and therefore void; whereas counsel for appellee contend that the instrument should be construed as a whole, and that, when this is done, it clearly reveals the intention of grantors to withhold title from fully vesting until their death, and the performance of the conditions named therein.

It is the settled rule of this state that deeds or other instruments of conveyance shall be construed, if possible,

so as to give effect to all parts of the instrument, and to
carry out the intention of the grantor.    *Beedy v. Finney,*
118 Iowa 276; *Hess v. Kernen Bros.,* 169 Iowa 646; *Bel-
lamy v. Bellamy,* 184 Iowa 1193; *Bassett v. Budlong,* 77
Mich. 338 (43 N. W. 984).    In *Beedy v. Finncy,* supra,
Chief Justice Ladd, speaking for the court, said:

"Where, however, the premises purport to convey with-
out qualification or description, there can be nothing in-
consistent with it in the habendum declaring the character
or quality of the thing transferred, for that is not else-
where defined.   The repugnancy, to defeat the habendum,
must be such that the intention of the parties either can-
not be ascertained from the whole instrument, or, if ascer-
tained, cannot be carried into effect.   If, from the entire
instrument and attending circumstances, it appears that
the grantor intended to enlarge, restrict, or even repugn
the conveyancing clause, the habendum will control.   It
is then to be regarded as an addendum or proviso to the
granting clause, which will control it even to the extent of
destroying its effect.   In short, the modern rule requires
the consideration of the deed as a whole, and not in sepa-
rate and distinct parts, as was formerly done, and the find-
ing of repugnancy avoided, whenever all the provisions
of the instrument may, without ignoring the accepted
canons of construction, be given force and carried into
effect."

This rule has been generally adopted by the courts of
this country.   *Moore v. Griffin,* 22 Me. 350; *Waterman v.
Andrews,* 14 R. I. 589; *Cravens v. White,* 73 Tex. 577 (11
S. W. 543); *Hubbird v. Goin,* 137 Fed. 822; *Jackson v.
Myers,* 3 Johns. (N. Y.) 388; *City of Alton v. Illinois Trans.
Co.,* 12 Ill. 38; *Coleman v. Beach,* 97 N. Y. 545; *Utter v.
Sidman,* 170 Mo. 284 (70 S. W. 702).   If, however, the
habendum is irreconcilable with, and repugnant to, the
granting clause, the former must prevail.   Such is our hold-

ing in *McCleary v. Ellis,* 54 Iowa 311; *Kepler v. Larson,* 131 Iowa 438; *Ogle v. Burmister,* 146 Iowa 33; *Case v. Dwire,* 60 Iowa 442; *McCormick Harv. Mach. Co. v. Gates,* 75 Iowa 343.

The grantor cannot restrict or limit the right or power of the grantee who becomes the owner of the fee, or, for instance, a life estate, to sell, incumber, or otherwise dispose thereof. By parting with the fee, or vesting in another a life estate, the grantor loses all right or power to control the use or disposition of the estate granted. Nor is the relative position of clauses in a deed or other instrument of conveyance material or controlling. *Beedy v. Finney,* supra; *Utter v. Sidman,* supra; *Phillips v. Collinsville Granite Co.,* 123 Ga. 830 (51 S. E. 666); *Palmer O. & G. Co. v. Blodgett,* 60 Kan. 712 (57 Pac. 947); *Atkins v. Baker,* 112 Ky. 877 (66 S. W. 1023); *Flagg v. Eames,* 40 Vt. 16; *Goldsmith v. Goldsmith,* 46 W. Va. 426 (33 S. E. 266); *Whetstone v. Hunt,* 78 Ark. 230 (93 S. W. 979); *Chicago Lumbering Co. v. Powell,* 120 Mich. 51 (78 N. W. 1022).

The deed must be construed as a whole, and the intention of the grantor ascertained and given effect, if possible. It will be observed that the deed in question contains the usual words of conveyance, and that the clauses quoted follow the granting clause, which does not specifically define or designate the estate granted. That, however, is the office of the habendum, which may "limit, restrain, lessen, enlarge, explain, vary, or qualify, but not totally contradict or be repugnant to the estate granted in the premises." 13 Cyc. 619; Devlin on Deeds (3d Ed.), Section 213.

Taking the instrument in controversy as a whole, and construing all its parts together, the intention of the grantors to reserve the right to extend or renew the mortgage thereon from time to time, and that title should not fully vest until their death and the payment to Cora Jane Poulsen and Charles Lewis Glenn of $800 each by the grantees,

is too apparent to require discussion. It is difficult to conceive how such intention could have been more clearly expressed, nor is same irreconcilable with, or repugnant to, the granting clause or premises. As before stated, the estate conveyed is not specifically designated in the granting clause, and the words used therein are as consistent with the conveyance of a limited estate as of the fee. In our opinion, there is no inconsistency between the respective clauses of the deed, and all may, and should, be carried out according to the expressed wishes of the grantors.

As the sole ground upon which the clauses quoted are assailed (the argument being confined to the first) is that the same are repugnant to the granting clause, further discussion of the question is unnecessary. It follows that the judgment of the court below is—*Affirmed.*

LADD, C. J., GAYNOR and PRESTON, JJ., concur.